## PITTS *v.* BROWN.*

### *Evidence.*

Extrinsic evidence is not admissible to contradict, add to, or vary a written instrument. Thus, in ejectment, where plaintiff, in support of his title, introduced in evidence a deed from R. to *Rufus* V., and a deed from *Russell* V. to F., under whom he claimed, and offered evidence that Rufus V. and Russell V. were the same person, that the name *Russell* V. was the true one, and that the insertion of the name *Rufus* as that of the grantee in the first-named deed, was a clerical error, it was *held*, that the evidence, the purpose of which was, in legal effect, to reform the deed, was inadmissible.

EJECTMENT for land in Maidstone, known as lot No. 64, in the second division. Plea, the general issue, and trial by jury, September Term, 1873, Ross, J., presiding.

*Decided at the August Term, 1875.

The plaintiff, to prove his title to the demanded premises, introduced evidence of a land-tax sale thereof by William Rich, a former collector of taxes in Maidstone, which gave rise to several questions; but as they are not material to the point decided, they are not stated. He also introduced in evidence a deed of one half of said land from said Rich, collector as aforesaid, to Rufus Vallet, of Middlebury, Vt., and a deed from Russell Vallet, of said Middlebury, to Nathaniel Foster, from whom the plaintiff claimed to have derived title. The defendant objected that Russell Vallet was not the one to whom Rich sold and conveyed; whereupon the plaintiff offered to show that the grantee in the first-named deed and the grantor in the second, were one and the same person, that his true name was Russell Vallet, and that the writing of *Rufus* in the tax sale and deed was a clerical error; but it was excluded, to which the plaintiff excepted. The defendant claimed all the land under a quit-claim deed thereof from one Chandler.

The court directed a verdict for the defendant, to which the plaintiff excepted.

*Henry Heywood*, for the plaintiff, cited *Alexander* v. *Wilmarth*, 2 Aik. 443; *Jackson* v. *Stanley*, 10 Johns. 133; *Richmond* v. *Woodward*, 32 Vt. 833; *Boyce* v. *Bigelow et als.* 29 Vt. 179; 1 Phil. Ev. 531.

*Ray, Drew & Heywood*, for the defendant, cited *Judevine* v. *Jackson*, 18 Vt. 470; *Langd n v Poor*, 20 Vt. 13; *Morse* v. *Carpenter*, 19 Vt. 613; *Wainwright* v. *Straw & Cunningham*, 15 Vt. 215; *Crawford* v. *Spencer*, 8 Cush. 418.

The opinion of the court was delivered by

ROYCE, J. In the view we have taken of this case, it becomes unnecessary to consider and decide the question made upon the trial affecting the validity of the vendue sale of the land in question by the collector, William Rich. The only claim of title made by the plaintiff was under said sale. Conceding that said sale was legal and valid, inasmuch as the plaintiff must show title in himself at the commencement of the suit, unless the evidence

offered by him to show that the Rufus Vallet who is named as the
person to whom the collector sold the land, and who is named as
the grantee in his deed, was in fact Russell Vallet, and that writ-
ing the name *Rufus* in said sale and deed, was a clerical error,
the plaintiff fails to show any such title to the land described in
his declaration as would entitle him to recover.   We think the
evidence was not admissible.   The object and purpose of the evi-
dence would be, in its legal effect, to reform the deed, and that
is not allowable in a court of law.   There is no ambiguity appar-
ent upon the face of the deed.   Where a latent ambiguity exists,
it is sometimes allowable to explain it by parol ; as, in the case of
a will, to ascertain the person, where there are two of the same
name.   *Lord Cheyney's Case*, 5 Co. 68 a ; *Ulrick* v. *Litchfield*, 2
Atk. 372 ; *Parsons* v. *Parsons*, 1 Ves 266 ; *Thomas* v. *Thomas*,
6 Term, 671.   And a grant may be good though the grantee's
name of baptism be mistaken ; Coke Litt. 3 a ;  as, where lands
were given to Robert, Earl of Pembroke, when his name was
Henry, the grant was held good, because there could be but one
of that name and dignity.   The old rule was, that in the case of
deeds or grants, an omission or mistake of the Christian name of
the grantee, rendered the grant void.   The exceptions to that
rule were, when, from the deed or grant with the aid of extrinsic
evidence, it could be ascertained with certainty what was meant,
or intended ; and in this class of cases, resort must be had to a
court of equity for a reformation of the deed or grant.   *Butler* v.
*Gale*, 27 Vt. 739, was an action of covenant.   The deed from the
defendant to the plaintiff conveyed the north half of a certain lot
of land, and contained the usual covenants of seisin and against
incumbrances.   One of the breaches alleged was, that the de-
fendant was not seised of the whole of the north half of said lot.
The defendant was permitted in the County Court to show by pa-
rol, that the lot of which this was a part, was divided by the own-
ers, about the year 1800, and that by that division the grantee
of the defendant took that portion of the lot occupied by him at
the date of his deed to the defendant ; that the line of division was
indicated by a fence, and had always been aquiesced in by the
owners ; and that all this was known to the plaintiff at the time

he took his deed.    REDFIELD, C. J., in the opinion given by him, says, that the term *one half*, is as definite as the whole ; and it could be scarcely contended that if by mistake the deed had been of the whole lot, parol proof could be received to prove that but one half was intended to be conveyed.    Under the elementary rule of evidence, that parol evidence is not admissible to contradict, vary, or add to a deed, it has been held that parol evidence was not admissible to show that by mistake one tract was inserted in a deed instead of another ; *Bell* v. *Moore*, 6 N. H. 205 ; nor that a straight line called for was intended to be a curved line ; *Allen* v. *Kingsbury*, 16 Pick. 235 ; and that such evidence is not admissible to show that the person described as grantee was not the one intended.    *Milling* v. *Cranfield*, 1 McCord, 362.    The application of the principle which excludes such evidence to affect the subject-matter of the deed or grant, would exclude it when offered to vary or change the names of the parties to the deed or grant.

Judgment affirmed.