# FREDERICK HILGENDORF

## v.

## GEORGE S. OSTROM.

*Sales—Real Property—Imperfect Title—Return of Deposit—Officers—Courts.*

1.  While courts of justice do not ordinarily take notice of fractions of a day, acts of an individual done before he becomes an official are not to be treated as duly performed official acts, because of their performance a brief time before he was inducted into office.

2. In an action brought to recover a sum deposited under a contract for the sale of real estate, the abstract furnished not showing a good title, and no attempt having been made to establish title by the production of original documents, certified copies thereof, or proof of the contents of missing deeds, or by testimony that would have made the abstracts *prima facie* evidence, this court declines to interfere with a decree ordering payment of the money to the complainant.

[Opinion filed December 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. O. H. HORTON, Judge, presiding.

On the 14th of June, 1890, the following agreement was made by appellant:

" CHICAGO, June 14, 1890.

" Received of George S. Ostrom one thousand dollars as part payment toward the purchase of the following real estate : The west one hundred and twenty (120) acres of the southwest quarter (S. W. ¼) of section ten (10), township thirty-seven (37) north, range thirteen (13) east, Cook county, Illinois, which is hereby bargained and sold to the said George S. Ostrom for the sum of seventy-two thousand ($72,000) dollars to be paid on the delivery of a good and sufficient warranty deed of conveyance for the same within sixty (60) days from the delivery of abstract, after the title has been examined and found good. Should the title to the property not prove good, then this $1,000 to be refunded. But should the said George S. Ostrom fail to perform this contract on his part promptly at the time and in the manner above specified (time being the essence of this contract), then the above one thousand dollars ($1,000) shall be forfeited by him as liquidated damages, and the above contract shall be and become null and void.

FREDERICK HILGENDORF.    [SEAL]."

The $1,000 having been received by appellant, an abstract of title was furnished, the parts of which material to this controversy, are as follows :

Hilgendorf v. Ostrom.

| | |
|---|---|
| United States<br>to<br>John Noble. | Patent dated Oct. 1, 1839.<br>Grants land.<br>Not recorded in Cook Co., Ills. |
| John Noble<br>to<br>Thomas J. *Duncan.*<br>Doc. 5,633. | Warranty deed, dated Jan'y 4, 1837. Consid. $2,400. Conveys the W. ½ of S. W. ¼ of Sec. 10, & W. ½ of N. W. ¼ of Sec. 15, both in T. 37 N., R. 13, E. of the 3d P. M. |

The said lots each containing 80 acres more or less.

Certificate of acknowledgment dated June 10, 1837, reads: "State of Illinois, ss. I, A. S. Perry, one of the justices of the peace in and for the county of Cook, in the State aforesaid," etc. Recorded Oct. 12, 1837, book V, pg. 293.

| | |
|---|---|
| Thomas Dun*kin* & wf.<br>to<br>Abel T. Edgerton, *Alexander* H. Washburn, William Gardner.<br>Doc. 5,634. | Warranty deed, dated Sept. 28, 1837. Consid. $2,000. Conveys those parcels of land in Cook Co., Ills., known as the W. ½ of N. E. ¼ of Sec. 7, T. 40 N., R. 14, E. of the 3d P. M. Also the W. ½ of S. W. ¼ of Sec. 10, & the W. ½ of N. W. ¼ of Sec. 15, both situate in T. |

37 N., R. 13, E. of the 3rd P. M., in all 240 acres of land, more or less. Ack'g'd Sept. 28, 1837. Recorded Oct. 12, 1837.

| | |
|---|---|
| William Gardner & wf., of New York City,<br>to<br>Abel T. Edgerton and Albemarle H. Washburn, of said city.<br>Doc. 6,389. | Deed, dated July 16, 1838. Consid. $100. Said parties of the first part grant, bargain, sell, convey and confirm all the right, title, interest & estate of said parties of the first of, in and to * * *. "The premises hereby intended to be conveyed being the same premises heretofore conveyed to the said |

William Gardner, Abel T. Edgerton and Albemarle H. Washburn by a deed from T. J. Dunkin, to which original deed reference is hereby made for greater certainty as to the descriptions and boundaries of said premises." No covenants expressed. One witness. Ack'g'd July 18, 1838, before Su-

preme Court Com'r in the State of New York (Wm. H. Barroll). Certificate appended by clerk of Supreme Court of N. Y., dated July 19, 1838, that Barroll "is a Supreme Court commissioner duly appointed and authorized to take the proof and acknowledgment of deeds," etc.; "that he is well acquainted with his handwriting," and that the signature "William H. Barroll" is his own proper handwriting and nothing further.

Recorded Aug. 17, 1838, book W, pg. 370.

| | |
|---|---|
| Albemarl H. Washburn & wf., of New York City,<br>6        to<br>Abel T. Edgerton.<br>Doc. 14,676. | Deed, dated Jan'y 29, 1846, sets forth execution of the two deeds last noted (describing the deed recorded book V, pg. 294, as made to Abel T. Edgerton, *Albemarl* H. Washburn & William Gardner) |

and that Washburn has agreed to convey all his right, title, etc., to said lands (described in said deeds) to Edgerton. In consideration of the premises and $1, Washburn and wife grant, bargain, sell, release, confirm, convey and quit-claim all right, title, etc., in and to "all and singula*l* the above mentioned and described pieces or parcels of land and each and every of said lots," etc. (to-wit, those described in said two deeds last noted). Two witnesses. Ack'g'd Jan'y 29, 1846.

Recorded Mch. 30, 1846, book 18, pg. 324.

| | |
|---|---|
| Abel T. Edgerton and wf., of New York City,<br>7        to<br>Edward H. Holbrook, of Boston, Mass.<br>Doc. 16,578. | Warranty deed, dated Mch. 9, 1859. Consid. $1,000. Conveys * * *. |
| Edward H. Holbrook and wf., of Roxbury, Mass.,<br>10        to<br>N. B. Rexford, of North Illinois.<br>Doc. 93,376. | Warranty deed, dated March 8, 1865. Consid. $1,500. Conveys * * *. Recorded March 24, 1865, book 296, page 598. |

Hilgendorf v. Ostrom.

| N. B. Rexford and wife<br>11    to<br>Frederick Hillendorf.<br>Doc. 93,451. | Warranty deed, dated March 20, 1865.  Consid. $1,900.  Conveys  \*  \*  \*.  Recorded March 23, 1865, book 302, page 419.<br>We have examined and find: |

*First.* No conveyances of the W. ¼ of the S. W. ¼ of Sec. 10, T. 37 N., R. 13 E. of 3d P. M., by Edward H. Holbrook, N. B. Rexford or Fred'k Hillendorf, recorded in the recorder's office of Cook County, Illinois, since March 12, 1865, except as above given.

*Second.* No judgments against either of said parties in the several courts having their records in Cook Co., Ills., which we consider liens on said land.

1. No conveyances of the premises above described executed by Frederick Hillendorf or Frederick Hilgendorf, recorded since May 17, 1865, and no judgments rendered against them since said date, which we consider liens on said premises.

2. No tax sales or forfeitures of said premises had since May 17, 1865, and prior to August 4, 1890, standing on record not marked canceled, paid or redeemed.

The title was objected to and the alleged defects not being cured, appellee demanded a return of the $1,000. William D. Preston, who was holding the $1,000, filed a bill of interpleader, asking the court to determine to whom the money should be paid. The bill was answered by appellant and appellee, and the cause referred to a master; testimony was taken and the master reported that the title was not such as appellee was entitled to receive; his conclusions in that regard were confirmed by the court, and a decree ordering the payment of the money to appellee was entered. From this appellant prosecuted this appeal.

Messrs. THEODORE H. SCHINTZ and FRANK IVES, for appellant.

Messrs. WOOLFOLK & BROWNING, for appellee.

MR. JUSTICE WATERMAN.   It is not seriously contended

that the abstract furnished showed a good title. What is principally insisted by appellant is, that the defects therein appearing have been cured by lapse of time and possession; in other words, that by matters not shown upon the abstract and not of record, it is the case, and was made to appear, that appellant had a good title.

Appellant's title is derived under a deed made by Thomas J. Dunkin and wife to Abel T. Edgerton, *Alexander* H. Washburn and William Gardner; a deed by William Gardner and wife to Abel T. Edgerton and *Albemarle* H. Washburn.

It is not contended that the names Alexander and Albemarle are *idem sonans;* what is insisted is, that in the first deed *Alexander* was erroneously written, *Albemarle* being the party meant. As to the effect of such error the case of Pitts v. Brown, 49 Vt. 86-88, is instructive.

The recital in the second deed is said to be evidence of this; the first deed conveys an interest in 240 acres, the second, in 400; the recital is not, therefore, in any event, entirely accurate. The second deed is not shown to have been properly acknowledged. No statute of New York permitting the acknowledgment of deeds before a commissioner of the Supreme Court, is to be found in the record, although the master says that one has been shown to him. Such statute, if introduced in evidence, should have been incorporated in the certificate. Not being found in the record, we can not take notice thereof. It is quite likely that some statute was shown to the master at some time, but none ever offered in evidence.

The certificate of the clerk of the Supreme Court of New York, dated July 19, 1838, that " Barroll " *is* a commissioner duly authorized to take proof and acknowledgment of deeds," does not show that upon the 18th of July, 1838, he was such commissioner.

It is suggested that to this discrepancy of one day, the maxim *de minimis non curat lex* may be applied. It is true that the courts of justice do not usually take note of fractions of a day, but we have never understood that the acts

of an individual done before he becomes an official, may be treated as duly performed official acts, because of their performance so brief a time before he was inducted into office.

This case not being one in which there was an attempt to obtain a specific performance, or to enforce the contract, but a contest merely over the $1,000 deposited, no attempt was made to establish title by the production of original documents, certified copies thereof or proof of the contents of missing deeds, or by such testimony as to the abstracts as would have made them *prima facie* evidence.

What might have been established as to these alleged deeds, that is, deeds merely noted upon the abstract, we can not say; but we do not think that in such a case as this, it can be said that these deeds need no proof because they are ancient, when the only evidence that there ever were such deeds, consists of an abstract of title, upon which such deeds are noted, the abstract itself failing to show any sufficient proof of the execution of such documents.

Upon the whole case we see no sufficient reason for interfering with the decree of the court below, and it will be affirmed.

*Decree affirmed.*