ROBERTS v. LEVY.

No. 14,990; November 30, 1892.

31 Pac. 570.

**Physician—Claim Against Decedent.**—There can be no recovery on a complaint against an administrator, alleging that a demand was made for services as an "expert nurse and medical attendant," when in fact the claim presented was for "medical attendance on deceased during his lifetime."

**Physician—Absence of License.**—A Party cannot Recover for Services rendered as physician and surgeon unless he has a certificate to practice medicine and surgery, as required by statute.

APPEAL from Superior Court, City and County of San Francisco; John F. Finn, Judge.

Action by J. W. Roberts against Eugene W. Levy, administrator, for medical services. Judgment for defendant. Plaintiff appeals. Affirmed.

W. H. H. Hart (Aylett R. Cotton and Nowlin & Fassett of counsel) for appellant; Gunnison & Booth (Walter J. Bartnett of counsel) for respondent.

GAROUTTE, J.—This appeal is prosecuted from a judgment and order denying a motion for a new trial. As appears by the complaint, the action was brought to recover for services rendered by plaintiff as an "expert nurse and surgical and medical attendant" to one Goodwin, now deceased, the respondent being the administrator of his estate. The complaint alleges a presentation and rejection of the claim upon which

the action is founded, and a copy of said claim is thereto attached as a part thereof. The claim is made out and sworn to in the name of Dr. J. W. Roberts, and purports to be for "medical attendance on said deceased during his lifetime," etc. Then follows an itemized statement of the number of visits, the character of services rendered and the charges therefor. As matters of fact the court found the services were rendered by plaintiff as a physician and surgeon, and that at the time of their rendition plaintiff had no certificate to practice medicine and surgery, as is required by the statute, and thereupon rendered judgment for defendant. The complaint is ambiguous and uncertain in this: that the claim presented to the administrator appears to have been for medical services, while the complaint proper alleges a demand for services of an expert nurse and medical and surgical attendant; but no special demurrer was interposed, and the evidence at the trial appears to have been directed to the point as to whether the plaintiff rendered the services in the character of an expert nurse or as a medical practitioner. Viewing the case from either standpoint, the plaintiff must fail to recover If his complaint and evidence is addressed to the theory that he was an "expert nurse and surgical and medical attendant," then his case is not supported by the claim presented to the administrator. If plaintiff stands upon the claim for medical services which was presented to the administrator, then his failure to procure a certificate to practice medicine as required by the statute defeats his right of recovery. This was so decided in Gardner v. Tatum, 81 Cal. 370, 22 Pac. 880. Thus, under either aspect of the case, plaintiff is met with insurmountable difficulties. Various exceptions were taken to the rulings of the court in admitting and rejecting testimony as to the capacity in which plaintiff acted, but, owing to the views already expressed, such exceptions become immaterial. Under the complaint, viewed favorably to plaintiff, he could only recover for medical services, and considering the proof was ample in this regard, still this failure to possess himself of a certificate to practice was fatal to his cause, and his exceptions to the rulings of the court upon other matters are of no benefit to him.

Let the judgment and order be affirmed.

We concur: Paterson, J.; Harrison, J.