(6 Misc. Rep. 391.)

AMERICAN TYPEFOUNDERS CO. v. CONNER.

(Common Pleas of New York City and County, General Term. January 2, 1894.)

1. SALE—ARTICLES INCLUDED IN BILL OF SALE.
A bill of sale of a business which names all "effects and assets of every kind in and about the premises, or used in connection with the business, including also its good will," passes title to the cash book and ledger of the business, though the seller retained for his benefit the outstanding book accounts.

2. RIGHT TO SUE—WAIVER OF OBJECTION.
An objection that plaintiff has not legal capacity to sue is waived if not taken by demurrer or answer, (Code Civil Proc. § 499;) and a motion to dismiss the complaint on the ground of want of such capacity is properly denied.

3. FOREIGN CORPORATIONS—RIGHT TO SUE—CERTIFICATE OF AUTHORITY.
The certificate without which a foreign corporation cannot sue "on any contract made by it in this state" (Laws 1892, c. 687, § 15) is not necessary to enable a foreign corporation to sue in replevin.

Appeal from seventh district court.

Action by the American Typefounders Company against Charles S. Conner. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BISCHOFF and GIEGERICH, JJ.

Charles de Hart Brower, for appellant.

Epstein Bros., for respondent.

GIEGERICH, J. This action was brought to recover the possession of a cash book and ledger of the foundry business of James Conner's Sons, which business was sold by the proprietors thereof to one Thomas B. Odell, who sold the same to the plaintiff. The plaintiff's alleged title to the books in question rests upon the following clause in the bill of sale to Odell, plaintiff's transferrer, namely: "All other effects and assets of every kind in and about the premises, or used in connection with the business, including also its good will." It appears from the evidence that these books were in the safe of the foundry business when it was transferred by the proprietors thereof, and were used regularly in the plaintiff's business until they were taken away by the defendant upon his resignation as submanager of the plaintiff; that the value of the good will to the plaintiff would be seriously impaired by their retention; that the plaintiff offered to allow the defendant access to the books in question, but this offer was declined by defendant, who claimed ownership thereof. Under the above very comprehensive clause it is clear that the plaintiff acquired title to said books among the other effects and assets assigned. But the justice awarded their possession to the defendants; the judgment, as far as appears, being founded upon the facts that the current book accounts outstanding in favor of the proprietors of James Conner's Sons' foundry business

were retained for their benefit when the business itself was sold. We are of opinion that this conclusion cannot find legal support. The corporeal chattels, the books themselves, were obviously included among the property sold; and it cannot be said that the possession by the vendor of the incorporeal rights, to which these chattels were memoranda merely, entitled him to the ownership of such chattels as an incident to such incorporeal rights, in opposition to the vendee's title under an express bill of sale. The rule with reference to a transfer of debts and their incident security is that the incident shall pass by the grant of the principal, but not the principal by the grant of the incident. "The transfer of an accessory to a debt does not transfer the debt. 'Accessorium non trahit principale.' When the principal and incident are separable, and the incident is transferred, it becomes the principal as between the parties to the transfer; and the principal to which it was originally an accessory becomes either absolutely extinguished or temporarily suspended." Battle v. Coit, 26 N. Y., at page 406. A fortiori, the transfer of mere memoranda of a claim cannot be affected by the retention of the claim itself. It is the express act of transferring the chattels which must necessarily govern in ascertaining the nature of the transaction, not the passive retention of the incorporeal right. "Expressum facit cessare tacitum." If the chattels in suit were to be excluded from the operation of the general clause in the bill of sale before referred to, the intention should be ascertained from the language of the instrument itself. Albright v. Voorhies, 36 Hun, 441. Our conclusion is that upon the record submitted the plaintiff was entitled to the possession of the books in question. The justice assessed the intrinsic value of the chattels in suit at $45, which is supported by the evidence, and the objection to the jurisdiction of the court was therefore properly disregarded.

The motion to dismiss the complaint, based upon the ground that the plaintiff had not legal capacity to sue, was properly denied. The necessary facts upon which this objection could be predicated appear in the complaint, and therefore the failure to present the objection by pleading amounts to a waiver of the same. Code Civil Proc. §§ 498, 499;[1] Nanz v. Oakley, (N. Y. App.) 25 N. E. 263. Moreover, it does not appear that the certificate provided for by section 15, c. 687, Laws 1892,[2] was requisite to the maintenance of this ac-

---

[1] Code Civil Proc. § 488, provides that "defendant may demur to the complaint, where one or more of the following objections thereto appear on the face thereof: * * * (3) that the plaintiff has not legal capacity to sue."

Section 498 provides that, "where any of the matters enumerated in section 488 of this act as grounds of demurrer, do not appear on the face of the complaint, the objection may be taken by answer."

Section 499 provides that "if such an objection is not taken either by demurrer or answer, the defendant is deemed to have waived it."

[2] Laws 1892, c. 687, § 15, provides that "no foreign stock corporation other than a monied corporation, shall do business in this state without having first procured from the secretary of state a certificate that it has complied with all the requirements of law to authorize it to do business in this state. * * * No foreign stock corporation doing business in this state without such certificate shall maintain any action in this state upon any contract made by it in this state until it shall have procured such certificate."

tion by the plaintiff. By the terms of such section a foreign stock corporation may not maintain any action upon any contract made within the state, in the absence of such a certificate. An action for replevin, however, is not interdicted by such law, the same being purely ex delicto. See Witty v. Campbell, 44 N. Y. 411. For the reasons above cited, the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.