(9 Misc. Rep. 210.)

## LANZER v. UNTERBERG.

(City Court of New York, General Term. June 20, 1894.)

1. LICENSE—PLUMBERS—PROOF OF COMPLIANCE WITH STATUTE.

Under Laws 1881, c. 450, re-enacted by Consolidation Act, § 536, and Laws 1892, c. 602, making. it unlawful for any person to carry on the trade of a plumber without obtaining a certificate of registration, no recovery can be had for work done as a plumber unless plaintiff proves that he has complied with the law, and the objection that the plaintiff was not a licensed plumber is not waived by failure of defendant to raise it by demurrer or answer. Fitzsimons, J., dissenting.

2. SAME—EXTENSION OF TIME.

Laws 1892, c. 602, provides that no one shall do business as a plumber in any city in the state after March 1, 1893, unless he obtains a certificate of registration. Laws 1893, c. 66, amends the act of 1892 by extending the time for obtaining such certificate to September 1, 1893. *Held,* that the acts of 1892 and 1893 did not apply to plumbers in New York City, where laws were already in force requiring them to obtain certificates before they could do business (Consolidation Act, § 536), but merely extended the provisions of such laws to other cities of the state.

Appeal from trial term.

Action by Simon Lanzer against Israel Unterberg. There was a judgment in favor of defendant, and plaintiff appeals. Affirmed.

Argued before FITZSIMONS, NEWBURGER, and CONLAN, JJ.

Philip Levy, for appellant.
Davis & Kaufman, for respondent.

NEWBURGER, J. This action is brought for work, labor, and services rendered by the plaintiff to defendant, as a plumber. On the trial, after the plaintiff had rested, the defendant moved to dismiss the complaint on the ground that the plaintiff had no cause of action, in so far that a plumber, in order to transact business, is required to be licensed, which motion was granted. This appeal is from the judgment entered upon such dismissal.

Chapter 450 of the Laws of 1881 provides that every master journeyman plumber in the cities of New York or Brooklyn should register his name with the health departments of said cities, and after the first day of March, 1882, it shall not be lawful for any person to carry on the trade of plumbing in said cities unless his name be so registered. Section 536 of chapter 12 of the consolidation act, passed in 1882, re-enacts the Laws of 1881. Chapter 602 of the Laws of 1892 provides that any person desiring or intending to conduct the trade, business, or calling of a plumber in any city of this state shall submit to an examination as to his qualifications and experience; and section 6 of the same re-enacts the laws of 1881

and 1882 as to the registry by such plumber with the board of health. The claim, therefore, by the appellant, that the amend-ment passed in 1893 extended the time to register until September, 1893, can be of no avail to him, as the Laws of 1892, which were thus amended in 1893, merely extended the laws applicable to the cities of New York and Brooklyn to other portions of this state.[1] At the time of the making of the contract which the plaintiff seeks to enforce, he had failed to register his name with the board of health of the city of New York. It was the duty of the plaintiff to have produced, on the trial of this action, evidence of his having complied with the law. Ferdon v. Cunningham, 20 How. Pr. 154; Bloom v. Saberski (Com. Pl.) 28 N. Y. Supp. 731. There is no evi-dence in this case that he either obtained a certificate or registered as required by law. The judgment appealed from must therefore be affirmed, with costs.

CONLAN, J., concurs.

FITZSIMONS, J. (dissenting). I cannot agree with the foregoing opinion. The objection that plaintiff was not a licensed plumber should have been taken by demurrer or answer. A failure to do so is a waiver of such objection. Typefounders' Co. v. Connor (Com. Pl.) 26 N. Y. Supp. 742. Besides, the act requiring master plumbers to be licensed prescribes the penalty and punishment, for the failure to procure such a license is simply a misdemeanor. It does not follow that he cannot, in a civil action, recover the value of services rendered or materials furnished in his business as plumber. Judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.

[1] Laws 1892, c. 602, § 1, creates an "examining and supervising board of plumbers and plumbing."

Section 6 provides that: "On and before the first day of March, eighteen hundred and ninety-three, every employing or master plumber carrying on his trade, business or calling in any of the cities of this state, shall register his name and address at the office of the board of health of the city in which he shall conduct such business under such rules and regulations as the re-spective boards of health of each of the cities of this state shall respectively prescribe, and thereupon he shall be entitled to receive a certificate of such registration, provided, however, that such employing or master plumber shall, at the time of applying for registration, hold a certificate of competency from an examining board. * * * And after the first day of March, eighteen hundred and ninety-three it shall not be lawful for any person to engage in, or carry on the trade, business or calling of an employing or master plumber in any of the cities of this state unless his name and address shall have been registered as above provided."

Laws 1893, c. 66, § 2, amends Laws 1892, c. 602, § 6, by extending the time for registration to September 1, 1893, and providing that after that day it shall not be lawful for any person to carry on the business of an employing or master plumber without such registration.