Filed September 26, 1895.

---

No. 1,395.

## Cooper, Admr., *v.* Griffin.

Decedent's Estate. — *Sufficiency of Claim.* — *Pleading.* — A claim filed against a decedent's estate need not conform to the ordinary rules of pleading, but the statement is sufficient which apprises the party of the nature of the claim, and contains enough substance to bar another action for the same demand.

Same. — *Sufficiency of Claim.* — *Pleading.* — "*Enough Substance.*"— What will constitute "enough substance" depends much upon the nature of the claim, but there must be a statement of all the facts necessary to show, *prima facie*, that the estate is lawfully indebted to the claimant.

Same.—*Claim by Physician for Professional Services.*—*License, Need Not Allege.*—A claim against a decedent's estate, by a physician, for professional services may be sufficient without alleging that he

was a regularly licensed physician at the time he rendered the services, especially when attacked for the first time in the appellate court.

PLEADING.—*Complaint.*—*Claim.*—*Quære.*—Should a complaint or claim against a decedent's estate state the Christian name of the plaintiff, and not merely his initials, and will the complaint be bad on demurrer if it give simply his initials ?

PHYSICIAN AND PATIENT.—*License.*—*Burden of Proof.*—*Recovery.*— In an action by a physician for professional services rendered, the burden is upon him to show that at the time he rendered the services he was a duly licensed physician in the county where they were rendered.

From the Hancock Circuit Court.

*R. L. Mason, R. Williamson, Marsh & Cook,* for appellant.

*R. A. Black, J. B. Black* and *E. B. Pugh,* for appellee.

Ross, C. J.—The appellee, by the name of L. B. Griffin, filed a claim in the office of the clerk of the Hancock Circuit Court against the estate of James L. Mason, deceased. The claim not having been allowed was transferred to the issue docket for trial. Subsequently appellee filed an amended claim, which shows his demand to be for medical services rendered, upon which there is due him $168.50. Upon a trial by jury a verdict was returned in favor of appellee for $116.25, for which amount the court rendered judgment.

The specifications of error assigned in this court are, first, that the complaint does not state facts sufficient to constitute a cause of action; and, second, that the court erred in overruling appellant's motion for a new trial.

It is urged that the complaint is insufficient because it does not show either that the appellee at the time he rendered the services was a regular practicing physician or that he had been licensed to practice medicine.

The act of April 11, 1885, section 7318, R. S. 1894 (section 1713, E. S.), makes it unlawful for any person to practice medicine, surgery or obstetrics in this State without first having obtained a license to so do. And section 7322, R. S. 1894 (section 1717, E. S.), provides that no action shall lie in favor of any person for services as physician, surgeon or obstetrician, unless he shall have been so licensed prior to the rendering of the services.

A claim filed against an estate need not be a formal complaint conforming to the ordinary rules of pleading, but a statement is sufficient which apprises the party of the nature of the claim and contains enough substance to bar another action for the same demand. *Taggart, Admr.,* v. *Tevanny,* 1 Ind. App. 339; *Brown, Admr.,* v. *Sullivan,* 3 Ind. App. 211; *Sheeks, Admr.,* v. *Fillion,* 3 Ind. App. 262; *Knight, Admr.,* v. *Knight,* 6 Ind. App. 268. What will constitute, in the language of the adjudicated cases, "enough substance" depends much upon the nature of the claim, but it is settled that there must be a statement of all the facts necessary to show, *prima facie,* that the estate is lawfully indebted to the claimant.

The statute, section 7322, *supra,* provides that no action shall lie in favor of any person for services rendered as a physician unless he shall have procured a license to practice medicine in the county where the services were rendered, yet we do not think it necessary, in filing a claim against an estate for such services, for the claimant to allege that he was a regularly licensed physician at the time the services were rendered.

The statement filed by appellee not only apprises appellant of the nature of the claim, but contains sufficient substance to bar another action for the same demand.

We think it sufficient when attacked for the first time by an assignment in this court.

It is also urged against the sufficiency of the complaint that the Christian name of appellee is not given. In support of this contention counsel have cited a number of decisions of this court and of the supreme court of this State, the latest of which being the case of *Bascom* v. *Toner*, 5 Ind. App. 229, where the question arose on demurrer to the complaint, and this court after reviewing all of the cases said: "The fact that the Christian names of the plaintiffs were not given in any of the pleadings in the case, and the defect not being cured in any manner, rendered the complaint bad, and the demurrer to it should have been sustained."

The record before us of the pleadings filed and of the proceedings had in the cause in the court below, nowhere reveals the Christian name of appellee, he being designated in the papers filed and in the record entries as "L. B. Griffin." Neither does the evidence disclose his Christian name, hence it cannot be said that the complaint, if defective, will be deemed to have been amended. The only place, so far as we have been able to find, where appellee's Christian name is given, outside of the briefs, is in the assignment of errors.

The evidence, which is in the record, discloses that the appellee was a physician and surgeon of about twenty years' experience; that he waited upon the deceased, prescribed for and treated him. There is no conflict in the evidence as to the rendering of services, but the evidence as to the value of the services rendered is not in all respects harmonious. There is nothing in the record to show whether or not appellee, at the time he rendered the services, had complied with the law and procured a license to practice medicine in Hancock county, as provided by the act of April 11, 1885, *supra*.

Appellant contends that the appellee, in order to be entitled to recover in this action, must show that he had been licensed to practice medicine as provided by the above act; that whereas it is provided in section 5 of the act (section 7322, R. S. 1894; section 1717,E. S.), *supra*, that no cause of action shall lie in favor of any person for professional services rendered by him, unless he had previously been licensed to practice; that the procuring of a license is a condition precedent to the right to render medical services, and that if appellee had no legal right to render such services he had no right to charge for them when rendered.

It is a settled proposition that business transactions in violation of law cannot be made the foundation of a valid contract, and any contract made in contravention thereof is void.

"The general proposition is well established, that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void. This rule applies to every contract which is founded on a transaction *malum in se*, or which is prohibited by statute, on the grounds of public policy," says the court in *Gardner* v. *Tatum*, 81 Cal. 370.

"Where a statute has for its manifest purpose the promotion of some object of public policy, and prohibits the carrying on of a profession, occupation, trade or business, except in compliance with the statute, a contract made in violation of such statute cannot be enforced." *Haworth* v. *Montgomery*, 18 S. W. Rep. 399 (Tenn.)

But the court in the case of *Aiken* v. *Blaisdell*, 41 Vt. 666, when speaking of the inhibition of a statute similar to ours, says: "If a man engage in the kind of business referred to, he is engaged in a legal business, whether

he has a license or not. If he has no license, he has no legal right to do it, and subjects himself to the penalty. The law, we think, was intended to operate upon the person, and not upon the business."

And in the case of *Orr* v. *Meek, Admr.*, 111 Ind. 40, the supreme court reviewing the authorities, says : "The cases agree in holding that one who undertakes to practice the profession of medicine without the license required by statute, cannot recover compensation for his services (*Eastman* v. *State*, 109 Ind. 278, and cases cited), and section 5 of the act of April 11, 1885, expressly declares that no recovery can be had for medical services unless a license has been taken out." See also *Fox* v. *Dixon*, 12 N. Y. Supp. 267.

It should be borne in mind, however, that by the terms of the statute under consideration the practice of medicine, surgery and obstetrics is not absolutely forbidden. The object of the Legislature in passing it was not to prohibit, or even limit the practice of medicine, surgery and obstetrics, but the evident purpose was to promote the interests and welfare of the public by preventing those from engaging in the practice who are recognized as not sufficiently versed in the science of the profession. It operates not against the profession, but those who undertake to practice it. It is because statutes of this character are recognized as for the benefit of the general public weal that they have been upheld.

Our supreme court in the case of *Eastman* v. *State*, *supra*, when considering the constitutionality of this act, says : "The practice of medicine and surgery is a vocation that very nearly concerns the comfort, health and life of every person in the land. Physicians and surgeons have committed to their care the most important interests, and it is an almost imperious necessity that only persons possessing skill and knowledge should be per-

mitted to practice medicine and surgery.    For centuries the law has required physicians to possess and exercise skill and learning, for it has mulcted in damages those who pretend to be physicians and surgeons, but have neither learning nor skill.    It is, therefore, no new principle of the law that is asserted by our statute; but, if it were, it would not condemn the statute, for the statute is an exercise of the police power inherent in the State. It is, no one can doubt, of high importance to the community that health, limb and life should not be left to the treatment of ignorant pretenders and charlatans."

There are cases in which it has been stated by the court that, when a statute forbids a physician from practicing except he has been properly licensed, in an action brought by him to recover for his services, the burden is upon him to prove that he had been licensed at the time he rendered such services.    In most of the cases, however, where the courts have so stated the rule, that question was not the real one before the court and what was said on that question cannot be regarded as authority.    In the case of *Adams, Admr.,* v. *Stewart,* 5 Harrington (Del.) 144, the question was fairly presented and while the opinion of this court is a very short one and no authorities cited in support thereof, it was held that the burden was upon the plaintiff to show that he had complied with the law and taken out a license.

In the cases of *McPherson* v. *Cheadall,* 24 Wend. (N. Y.) 15, and *Thompson* v. *Sayer,* 1 Denio (N. Y.), 175, it was held that it will be presumed nothing appearing to the contrary, that the party has not violated the law, but that he has qualified by taking out the required license.

And in case of a prosecution brought under section 4 of the above act, it was held that while it was necessary that it be charged in the indictment that the de-

fendant was engaged in the practice of medicine without a license, the prosecution was not bound to prove that he was engaged in the practice without a license, the burden being upon the defendant to prove that he had been duly licensed. *Benham* v. *State*, 116 Ind. 112.

There are other cases, however, where it has been held that the physician could not recover for services, when it appeared affirmatively that he had not complied with the statute and taken out a license. *Bower* v. *Smith*, 8 Ga. 74; *Roberts* v. *Levy*, 31 Pac. Rep. 570 (Cal.); *Kennedy* v. *Schultz*, 25 S. W. Rep. 667 (Tex. App.); *Haworth* v. *Montgomery, supra.*

The appellate court of Illinois, in the case of *Williams* v. *People*, 20 Ill. App. 92, says: "After a somewhat thorough examination of the authorities and full consideration, we are of the opinion that the rules with their proper distinctions may be thus stated: Where the question of licenses or qualification of a physician arises, collaterally, in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice, will be presumed." And the same court, in the case of *City of Chicago* v. *Wood*, 24 Ill. App. 40, after quoting with approval the above language from *Williams* v. *People*, added: "The reason why the license will be presumed where there is no evidence to the contrary rests upon the principle that when an act is required, by positive law, to be done, the omission of which would be a misdemeanor, the law presumes that it has been done and therefore the party relying on the omission must make some proof of it though it be a negative."

Whether or not these decisions of the appellate court of Illinois can be recognized as authority in view of the decision of the supreme court of that state in the case of

*North Chicago Street R. W. Co.* v. *Cotton*, 140 Ill. 486, we need not determine, but we do think they show good reasons why the rule as there announced should be the law.

It is apparent, therefore, that the adjudications upon the question as to who has the burden of the issue, the plaintiff to show that he has been duly licensed, or the defendant to show that the plaintiff has not been licensed, are not in harmony.   The statutes under which these several rulings have been made, while similar to our own, none of them, so far as we know, provide, as does ours, that "no cause of action shall lie in favor of any person for services as a physician" who had not, prior to the rendition of such services, procured a license to practice.   As said in *Orr* v. *Meek, Admr.*, *supra*, the language used is explicit and "expressly declares that no recovery can be had for medical services unless a license has been taken out."   This would naturally imply that the plaintiff in order to maintain his action must prove that he had complied with the law.

We recognize the rule that has been declared in other classes of cases where licenses are required, that a *prima facie* case is made out without making proof of the issuing of the license ; but in these cases no statute existed making the right to recover depend upon the taking out of the license.

We are of opinion that the appellee failed to make out his case, and that the court below erred in overruling appellant's motion for a new trial.

Judgment reversed, with leave to appellee to amend his complaint if he so desires.

Filed May 14, 1895.   Petition for rehearing overruled September 27, 1895.