## BRADLEY, METCALF & CO. v. ARMSTRONG.

Under Laws 1895, Chap. 47, providing that no nonresident corporation may transact business, acquire property, institute or maintain actions unless it shall first file a copy of its charter, and appoint a resident agent, etc., an attachment levied at the suit of a nonresident corporation which has not complied with such provision will be dissolved on motion.

(Opinion filed Oct. 17, 1896.)

Appeal from circuit court, Brookings county. Hon. J. O. ANDREWS, Judge.

Attachment by Bradley, Metcalf & Co., a corporation, against John Armstrong. From an order discharging the attachment, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*John C. Jenkins, A. S. Mitchell* and *P. C. Truman,* for appellant.

*C. A. Savage* and *Cheever & Hall,* for respondent.

FULLER, J.    This is one of a series of appeals from orders discharging attachments against the property of defendant, all of which were argued together and submitted at the same time. The following is one of the grounds upon which the motion to dissolve the attachment was based: "That the plaintiff is a foreign corporation, and has not complied with the laws of the state of South Dakota in regard to filing with the secretary of state a copy of its articles of incorporation, nor has it appointed an agent upon whom service can be had in the state of South Dakota, as provided by the laws of said state in relation to foreign corporations, nor at all."    By the enactment of Chap. 47 of the Laws of 1895, the legislature has expressly prohibited a nonresident corporation from transacting in this state any business, acquiring or disposing of any property, instituting or maintaining any action at law or otherwise, until such corporation shall have filed in the office of the secretary of state a duly-authenticated copy of its charter or articles of incorporation," and appointed, in the manner provided therein, a resident agent, upon whom service of legal process may be had. Any violation of this mandatory statute is declared to be a misdemeanor, punishable by fine or imprisonment, and justices of the peace are given jurisdiction concurrent with that of the circuit court.    The undisputed evidence shows conclusively that appellant, a non-resident corporation, has in no manner complied with the foregoing statutory requirement.    The attachment right being conferred only upon a litigant who has instituted a suit by the issuance of a summons, and is entitled to maintain his action in the courts of this state, it would be a witless perversion of justice to permit a nonresident corporation that is flagrantly ignoring the foregoing statute to seize and hold under forbidden process the property of an alleged

debtor. Charged with a knowledge of the statute violated, and the contents of respondent's motion, in which the ground was relied upon and supported by affidavits duly served, the attaching creditor was given ample opportunity to show a compliance with the law conferring jurisdiction and authorizing the institution of a suit aided by attachment; and, the matter being peculiarly within the knowedge of appellant, it was no hardship to require it to show then and there facts entitling it to some standing in court. The correct rule is tersely stated in the second volume of the Encyclopedia of Pleading and Practice, at page 80, as follows: "The most usual mode of defeating an attachment which has been unwarrantably obtained, or under which the proceedings are defective, is by motion to quash or dissolve the attachment. The power and duty of the court to inquire into the misuse and abuse of its process rests on ancient and established principles, which are as applicable to writs of attachment as to any other process." The view we have taken being decisive of the case renders unnecessary a consideration of other assignments of error relied upon by counsel for appellant. In our opinion, the order appealed from should be affirmed. It is so ordered.