## ACME MERCANTILE AGENCY V. ROCHFORD.

1. In an action by a foreign corporation on a note made and payable in the state, it will be presumed that plaintiff has complied with Laws 1895, Chap. 47, prescribing the conditions on which foreign corporations may do business in the state, where failure to comply does not appear on the face of the complaint and the complaint need not allege compliance.

2. Failure to comply must be taken advantage of by answer. CORSON, P. J., dissenting.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Minnehaha county. Hon. J. W. JONES, Judge.

Action by a foreign corporation upon certain promissory notes. Plaintiff had judgment and defendant appeals. Affirmed.

The facts are stated in the opinion.

*Aikens, Bailey & Voorhees*, for appellant.

The complaint is fatally defective because it contains no affirmative allegation that respondent has complied with the provisions of Chap. 47, Laws of 1895. Stevenson v. Ewing, 9 S. W. 230; Hawarth v. Montgomery; 18 Id. 399; Cary-Lombard L. Co. v. Thomas, 22 Id. 743; Land Co. v. Lumber Co; 35 Id. 886; Ins. Co. v. Kennedy, 36 Id. 709; Huffman v. Western Mtge. &c. Co., 36 Id. 306; Ins. Co. v. Wright, 55 Vt. 530; Reining v. Buffalo, 102 N. Y. 308; Minnehaha County v. Thorne, 6 S. D. 449, 61 N. W. 888.

*Joe Kirby*, for respondent.

The complaint is sufficient upon demurrer. Minneapolis Harvester Co. v. Libby, 24 Minn. 327; Pomeroy's Code Rem. (3d Ed.) § 208; Comp. Laws, § 4927; Bliss Code Pl. §§ 250, 408a; 6 Thompson Comm. on Corp. § 7965; Sprague v. Lumber Co. 6 N. E. 335; Cassidy v. Ins. Co. 72 Ind. 95; Railroad v. Fire Assn. 18 S. W. 43; Fry v. Bennett, 28 N. Y. 324; Heegaard v. Trust Co. 3 S. D. 569, 54 N. W. 656; Lumber Co. v. Improvement Assn. 18 S. W. 1055.

HANEY, J.   This action is by a foreign corporation on two promissory notes executed and payable in this state.   It is alleged in the complaint "that at all times hereinafter mentioned this plaintiff has been, and now is, a corporation duly organized and existing according to the laws of Iowa."   Defendant demurred upon the following grounds:   "That the facts stated in the complaint are not sufficient to constitute a cause of action and especially in that it appears from the complaint that the plaintiff is a foreign corporation, and that the notes set forth in the complaint were executed and made payable in this state, and it does not appear from the complaint that the plaintiff has in any manner complied with the provisions of chapter 47 of the Laws of 1895, being an act entitled 'An act to amend Secs. 567 and 569 of the Civil Code, being Secs. 3190 and 3192 of the Comp. Laws of 1887, relative to the duties of foreign corporations, and to provide penalties for the violation of the provisions of this act;' approved and taking effect March 14, 1895." The demurrer was overruled, and defendant appealed.   Under the statute mentioned in the demurrer an action cannot be maintained by a foreign corporation without complying therewith, and, when its failure to have done so affirmatively appears, the action should be dismissed,   Bradley, Metcalf & Co. v. Armstrong, (S. D.) 68 N. W. 733.   But plaintiff's failure to comply with the statute does not appear upon the face of the complaint.   Whether it had or had not done so prior to the the commencement of this action is left to be presumed.   Its existence is alleged, and the fact that it did business in this state appears.   Persons doing business in this state must be presumed to know its laws.   All persons are presumed to comply with the laws of the state wherein they happen to be, or where they transact business.   In the absence of any showing to the contrary, it seems to us we may fairly presume that the plaintiff had complied with the requirements of the statute before this action was begun.   Comp. Laws, Sec. 4909; Cassaday v. Insurance Co. 72 Ind. 95.   The plaintiff's failure to comply

with the statute not appearing upon the face of the complaint, the objection should have been taken by answer. Comp. Laws Sec. 4912. The order of the circuit court is affirmed.

CORSON, P. J., dissents.