CHARLES J. LYFORD v. JOHN A. MARTIN.

April 18, 1900.

Nos. 11,986—(119).

**Action for Services.**
Action to recover for services as a veterinary surgeon, in which it is *held*:

**Licensed Veterinary Surgeon—Pleading and Proof.**
That it was not necessary for the plaintiff to allege and prove that he was licensed as a veterinary surgeon; and, further, that the judgment of the justice court in his favor is sustained by the evidence.

**Counterclaim—Failure to Reply.**
That the defendant was not entitled to judgment on his alleged counterclaim for want of a reply, the question having been raised for the first time on appeal.

Appeal by defendant from a judgment of the district court for Hennepin county, entered pursuant to the order of McGee, J., and affirming a judgment of a justice of the peace in favor of plaintiff. Affirmed.

*Penney & McMillan*, for appellant.
*Smith & Smith*, for respondent.

START, C. J.

The plaintiff brought this action in a justice court, and alleged in his complaint that he was a licensed veterinary surgeon, and that he performed services, at the agreed price of $25, for the defendant, in doctoring his horse, no part of which had been paid, except $15. The answer contained a general denial, and alleged that the parties entered into a contract whereby the plaintiff agreed to cure the horse for $25, which sum the defendant agreed to pay him

if he cured the horse, but that he failed to effect such cure. And, as a proposed counterclaim, the answer further alleged a breach of the contract, in that, by reason of the failure of the plaintiff to perform it on his part, the defendant was obliged to employ another veterinary surgeon to cure the horse, and pay him for his services $15. There was no reply. Judgment for the plaintiff for $10, from which the defendant appealed to the district court of the county of Hennepin on questions of law alone. Judgment was entered in the district court affirming that of the justice court, and the defendant appealed from the judgment to this court.

1. The defendant's first contention is that there was no evidence to sustain the judgment of the justice court, in that there was no evidence that the plaintiff was a licensed veterinary surgeon. The only evidence on this point was the testimony of the plaintiff, which was received without objection, to the effect that he was a veterinary surgeon, and had been since 1875. If it was necessary for the plaintiff, as a condition precedent to his right to recover for his services, to allege and prove that he was a licensed veterinary surgeon, this evidence must be held to be sufficient; the question having been raised for the first time after judgment. A veterinary surgeon is a person lawfully practicing the art of treating and healing injuries and diseases of domestic animals. A person cannot lawfully practice such art in this state without a license. G. S. 1894, § 7948. Hence the evidence in this case that the plaintiff was a veterinary surgeon implies, prima facie, that he was licensed as such. As there were no objections to this evidence, no question as to its competency can be considered. But the plaintiff was not bound to allege and prove, as a condition precedent to his right to recover, that he was a licensed veterinary surgeon, for noncompliance with the law was a matter of defense. Langworthy v. Garding, 74 Minn. 325, 77 N. W. 207.

It is further urged that there was no evidence that the plaintiff cured the horse in question. What the contract between the parties was, and whether it was performed by the plaintiff, was, under the evidence, a question of fact for the justice court, and its judgment in this respect is sustained by the evidence.

2. The defendant's last claim is that the justice court erred in not awarding him judgment on his alleged counterclaim, for the reason that it was admitted by a failure to reply to it. The alleged special contract to cure the horse, and a breach thereof, which is made the basis of the supposed counterclaim, was properly pleaded as a defense. This defense was not admitted by a failure to reply. Walker v. McDonald, 5 Minn. 368 (455); Ward v. Anderberg, 36 Minn. 300, 30 N. W. 890. This issue as to the special contract and its breach was litigated by the parties without objection by either, and by its judgment in favor of the plaintiff the justice court necessarily found either that the special contract was never made, or that there was no breach thereof. If the contract was not made, or there was no breach of it, there was no basis for the counterclaim. It necessarily follows that the subject-matter of the alleged counterclaim was litigated by consent, and that the defendant cannot urge for the first time on appeal the objection that the alleged counterclaim was admitted. Taylor v. Parker, 17 Minn. 447 (469); Matthews v. Torinus, 22 Minn. 132. It is therefore unnecessary to decide whether the facts alleged in the answer constitute a counterclaim proper, which was admitted by a failure to reply, or a defense by way of recoupment. See Harlan v. St. Paul, M. & M. Ry. Co., 31 Minn. 427, 18 N. W. 147.

Judgment affirmed.