CHESTER WESTBROOK v. C. E. NELSON.

No. 12,567. (67 Pac. 884.)

SYLLABUS BY THE COURT.

PHYSICIANS AND SURGEONS—*Allegation of Authority Insufficient.* An allegation in a bill of particulars upon an account for medical and surgical services performed, "that the plaintiff *is* a physician and surgeon duly entitled to practice medicine and surgery under the laws of the state of Kansas," is not sufficient to recover compensation for services performed months before the commencement of the action in which such pleading is filed.

Error from Phillips district court; A. C. T. GEIGER, judge. Opinion filed February 8, 1902. Reversed.

*Mahin & Mahin,* for plaintiff in error.

*R. Frank Stinson,* for defendant in error.

The opinion of the court was delivered by

POLLOCK, J. : The decision of this case depends upon the construction of the pleadings. Nelson commenced the action in justice's court to recover from Westbrook upon an account for medical services performed and expenses incurred by Nelson, as a practicing physician and surgeon for the minor child of defendant. It is alleged that the services were performed and expenses incurred from the 3d day of February to the 23d day of March, both inclusive, in 1899. The sole contention of plaintiff in error is that no sufficient evidence was offered or showing made upon the trial that plaintiff was qualified, under the law, to practice medicine or charge and recover compensation for his professional services. The broader question is, Could such qualification be shown under the pleadings in this case so as to admit of a recovery?

Sections 392 and 393, chapter 100, General Statutes of 1897, provide as follows:

"It shall be unlawful for any person within the limit of the state of Kansas who has not attended two full courses of instruction and graduated in some respectable school of medicine, either of the United States or of some foreign country, or who cannot produce a certificate of qualification from some state or county medical society, and is not a person of good moral character, to practice medicine in any of its departments for reward or compensation, for any sick person within the state of Kansas; provided, that in all cases when any person has been continuously engaged in the practice of medicine for a period of ten years or more, he shall be considered to have complied with the provisions of this act, and that where persons have been in continuous practice of medicine for five years or more they shall be allowed two years in which to comply with such provisions.

"Any person living in the state of Kansas, or any person coming into said state, who shall practice or attempt to practice medicine in any of its departments, or perform or attempt to perform any surgical operation upon any person within the limits of said state in violation of section 1 of this act (the preceding section) shall, upon conviction thereof, be fined in not less than fifty nor more than one hundred dollars for such offense; and upon conviction for a second violation of this act shall, in addition to the above fine, be imprisoned in the county jail of the county in which said offense shall have been committed for the term of thirty days, and in no case wherein this act shall have been violated shall any person so violating receive a compensation for services rendered; provided, that nothing herein contained shall in any way be construed to apply to any person practicing dentistry."

In the original bill of particulars plaintiff alleged: "The plaintiff is a physician and duly entitled to prac-

tice medicine under the laws of the state of Kansas.''
This pleading was filed August 16, 1899. In the dis-
trict court, upon appeal from judgment for plaintiff,
an amended bill of particulars, upon which the case
was tried, was filed, in which plaintiff alleges : ''That
the plaintiff is a physician and surgeon duly entitled
to practice medicine and surgery under the laws of
Kansas.'' This pleading was filed April 12, 1900.
These are the only allegations of qualification or au-
thority of Nelson to practice medicine or surgery found
in the record. The record shows that upon the trial
defendant made the following objection to the recep-
tion of evidence in support of the allegations contained
in the pleadings :

''And thereupon the plaintiff called his witness,
whereupon the defendant objected to the introduction
of any testimony under the pleadings for the reason
that the pleadings did not state any cause of action in
favor of the plaintiff and against the defendant, which
objection, after being duly considered by the court,
was overruled, to which ruling and decision of the
court the defendant then and there excepted and ob-
jected.''

The plaintiff had judgment and defendant brings
error.

It will be observed that the allegations of the quali-
fication of plaintiff to practice medicine and surgery
under the laws of the state are in the present tense.
Is the allegation that plaintiff was entitled to practice
medicine and surgery under the laws of the state and
to charge and recover compensation therefor at the
date of the filing of the pleading upon which recovery
is sought sufficient to support proof of qualification
and uphold a judgment for recovery for medical and
surgical services performed months prior to the filing

of such pleading?  In *Robinson v. Burton*, 5 Kan. 293, this court held:

"An amended affidavit that does not relate back to the time of the filing of the original affidavit, but whose material averments are all in the present tense, is defective, and does not cure the defects of the original affidavit."

In the opinion Mr. Justice Valentine said:

"And now, turning our attention to the amended affidavit, we would say that it is also undoubtedly defective in not relating back to the time of filing the original affidavit.  (Drake, Attachm. (3d ed.), § 113 ; *Crouch v. Crouch*, 9 Iowa, 269, 271 ; *Wadsworth v. Cheeney*, 10 id. 257, 259.)  It cures no defect of the original affidavit, except that it states more clearly the nature of the plaintiff's claims.  Its material averments are all in the present tense.  It affirms that each of the plaintiff's claims *is just*, but it does not show that said claims *were just at the time the original affidavit was filed*."   (See, also, *State v. Chiles*, post, 67 Pac. 884.)

In *Hilgendorf v. Ostrom*, 46 Ill. App. 465, it was said :

"The certificate of the clerk of the supreme court of New York, dated July 19, 1838, that 'Barroll' *is* a commissioner duly authorized to take proof and acknowledgment of deeds, does not show that upon the 18th of July, 1838, he was such commissioner.

"It is suggested that to this discrepancy of one day the maxim *de minimis non curat lex* may be applied. It is true that courts of justice do not usually take note of fractions of a day, but we have never understood that the acts of an individual done before he becomes an official may be treated as duly performed official acts because of their performance so brief a time before he was inducted into office."

In the case of *McKay v. Lane*, 5 Fla. 268, it was held that "a plea which is defective in the essential

quality of certainty as to time is bad on demurrer,"
and in the opinion, at page 274, the court said:

"The court correctly ruled that the third plea of
the defendant was bad. The simple allegation that
the slave Monday was sound was no sufficient reply.
The plea is defective in the essential quality of cer-
tainty as to time. The complaint is that the negro
was unsound at a particular time, namely, at the time
of the purchase—it is no defense to say that the negro
was sound, without saying further that he was sound
at the time of purchase."

In the case of *Fisher v. Ford*, 12 Ad. & E. 654, the
declaration alleging, in excuse of profert, that the
indenture, "being in the possession of defendant, the
said plaintiff cannot produce the same to the said
court here," the plea "that the said indenture in the
said declaration mentioned is not in the possession of
the said defendant in manner and form, etc.," was
held bad upon special demurrer as referring to the
time when the plea was made, not the time pointed
to in the declaration.

It was essential to a recovery by plaintiff that at
the time of performing the services he possessed the
requisite qualifications prescribed by statute. The
act expressly so declares. That such qualification
may be shown it must be pleaded. Had the plead-
ings alleged qualification and authority to engage in
the practice of medicine and surgery at the time of the
performance of the services, and had no issue there-
on been joined by proper denial, the allegation of
authority would have required no evidence in its sup-
port. The fact of proper authority and qualification
under the law would have stood admitted.

In the light of the authorities, it must be held that
the allegation of qualification at the time of filing the

pleading, found in the pleading, is not a sufficient allegation of authority to admit of proof of proper, qualification to follow the profession at the time the services are alleged to have been performed, and that the court erred in overruling the objection to the introduct on of evidence under the pleadings.

It follows that the judgment must be reversed and the cause remanded for a new trial.

DOSTER, C. J., SMITH, J., concurring.