## WEBSTER v. LAMB.

In an action by a physician on an account for services, it will be presumed that he has complied with Laws 1893, Chap. 133, prescribing the conditions under which he may practice medicine, and the complaint need not allege a compliance.

(Opinion filed February 12, 1902.)

Appeal from circuit court, Minnehaha county. Hon. J. W. Jones, Judge.

Action by I. D. Webster against Michael Lamb. From an order overruling a general demurrer to the complaint, defendant appeals. Affirmed.

*R. W. Parliman,* for appellant.

The rule is well settled that the penalty for doing an act, except in a way provided by law, amounts to a prohibition, and a contract which is derived from or is traced through such a service is illegal and void. Aetna Ins. Co. v. Haney, 11 Wis. 412; Dewitt v. Lander, 20 N. W. 349; Walsch v. Call, 32 Wis. 159; Melshior v. McCarty, 31 Wis. 252; Harrison v. Berkley, 47 A. D. 578; Buck v. Allen, 62 A. D. 564; Seidenbender v. Charles, 8 A. D. 682; Mitchell v. Smith, 2 A. D. 417; Columbia Bank & Bridge Co. v. Haldeman, 42 A. D. 229; O'Donnell v. Sweeney, 39 A. D. 336.

Validity of a contract is to be decided by the law of the place where it is made. Smith v. Godfrey, 61 A. D. 617, and notes 622 referring to other cases.

Where the question is as to the remedy, then the *lex fori* governs. Thomas Townsend v. Robert Jemison, Book 13, p. 194, U. S. S. C.; Star Wagon Co. v. Matthiessen *et al.,* 14 N. W. 107.

We have a right that the complaint disclose to us: First, the place where the contract was made, so we may apply the laws of the state and thereby test the validity of the contract. Second, whether upon such disclosure the *lex fori* will afford the plaintiff any relief. These two propositions are fundamental elements in a pleading of this kind, and their absence from the complaint are fatal to it.

*C. J. Morris,* for respondent.

The demurrer is so entirely without merit as to be frivolous. It was not even necessary for the plaintiff to allege that he was a qualified, licensed and practicing physician. It would have been entirely sufficient had the complaint only alleged that the plaintiff rendered

services in his professional capacity as a physician and surgeon, which services were of certain value, and a certain portion of which had not been paid. The allegation of his qualification and license to practice as a physician is surplusage. If he was not so licensed and qualified that fact is a matter of defense to be pleaded in the answer. Lacy v. Kossuth, 75 N. W. 689; Brown v. Young, 2 B. Mon. 26; City of Chicago v. Wood, 24 Ill. App. 42; Thompson v. Sayer, 1 Demo. 175; Lyford v. Martin, 82 N. W. 479.

FULLER, J. This is an appeal from an order overruling a general demurrer to the following complaint: "That at all of the times hereinafter mentioned the plaintiff was a duly qualified, licensed, and practicing physician and surgeon. That between the 22nd day of January, 1895, and the 5th day of August, 1897, the plaintiff rendered medical services and other professional services, in his capacity of physician and surgeon, for the defendant's family, at the defendant's special instance and request. That said services were reasonably worth one hundred and sixty-three dollars ($163). That said sum of one hundred and sixty-three dollars has never been paid, nor any part thereof, except sixty-three dollars ($63). That there is now due and owing from the defendant, and to the plaintiff, one hundred dollars ($100), with interest thereon from and after the 5th day of August, 1897, at 7 per cent. per annum. Wherefore, the plaintiff demands judgment against the defendant and in favor of the plaintiff for the sum of one hundred dollars ($100) and interest thereon at the rate of 7 per cent per annum from and after the 5th day of August, 1897, on a physician's bill, more than six months past due, besides the costs and disbursements of the plaintiff in this action."

Exempting from its operation all persons lawfully practicing medicine in this state on the 16th day of February, 1893, Chapter 133

Laws 1893, makes it a public offense punishable by both fine and imprisonment for any one to so practice thereafter without first obtaining a license from the board of health and recording the same in the office of the register of deeds in the county of his residence. Whether it was necessary to alledge in express terms that respondent had obtained a license from the board of health, and had duly recorded the same, is the point decisive of this appeal. A case involving the same principle is that of Mercantile Agency v. Rochford, 10 S. D. 203, 72 N. W. 466, 66 Am. St. Rep. 714, and it was there held that failure to comply with statutes of this character must be taken advantage of by answer where non-compliance does not affirmatively appear on the face of the complaint. The general presumption that every man is innocent of crime renders it unnecessary in a civil action to plead or prove compliance with statutes of this character, and a defendant desiring to. put the. point in issue must do so by way of answer. In a suit by a physician on account for services, it is uniformly presumed that. he has complied with all statutes essential to his authority to practice medicine, and it need not be pleaded, nor in the first instance proved, that he has obtained and recorded a license. Lacy v. Kossuth Co., (Iowa) 75 N. W. 689; Thompson v. Sayre, 1 Denio, 175; Lyford v. Martin (Minn.) 82 N. W. 479.

In the absence of anything on the face of the complaint to show that respondent has not complied with the statute, the objection must be taken by answer, and the order of the circuit court overruling appellant's demurrer is affirmed.