## H. M. WOOLEY v. M. C. BELL.

### Decided November 4, 1903.

**1.—Witness—Cross-Examination—Bias.**

A witness who had attended the trial at request of plaintiff, from his home in another county, should have been required, on cross-examination by defendant, to answer the question whether he would have done so at defendant's request.

**2.—Vendor—Bill of Sale—Evidence.**

On the issue of title to personal property claimed by both plaintiff and defendant as purchasers from a former owner, his written bill of sale to one executed long after he had sold the property was irrelevant and should have been excluded.

**3.—Physician—License—Recovery for Services.**

Though a plea of settlement of an account claimed by his defendant in which plaintiff was allowed for his services as physician might be good without showing that he had complied with the laws regulating the practice of medicine he was not entitled to recover for or offset such claim against defendant without showing such compliance.

**4.—Charge—Assuming Facts.**

A charge should not assume the existence of facts in controversy.

Appeal from the County Court of Lee. Tried below before Hon. John H. Tate.

Bell sued Wooley and recovered judgment from which the defendant appealed.

*W. L. Eason,* for appellant.

*J. S. Brewer* and *Bower & Shulz,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee sued to recover one stallion and the value of his services, alleged to be $400, and another horse and one set of harness, alleged to be worth $30. From verdict and judgment in favor of plaintiff, the defendant has appealed.

The main controversy in the case seems to have been concerning the ownership of the stallion. Both parties claimed to have bought the animal from one Nasworthy. The plaintiff and Nasworthy testified that the latter had sold the stallion to the plaintiff, while the defendant testified that Nasworthy sold the animal to him. Elihu Pennington, a material witness for the plaintiff, stated on cross-examination that he had, at the request of the plaintiff, traveled from his home in another county seventy miles distant, to testify in the case, and that he had not been summoned as a witness. He was then asked by the defendant's counsel this question: "Would you have come to Giddings to testify in this case if plaintiff had not asked you to do it, and the defendant had asked you to come?" A general objection was interposed to this question and was sustained by the court. The bill of exception shows that the witness would have answered that he would not have attended the court to testify if requested to do so by the defendant and not by the

plaintiff. The excluded testimony would have tended to show that the witness was partial to the plaintiff, if not hostile to the defendant, and it not being made to appear that the witness had been fully tested by other questions calculated to disclose his bias or prejudice, the court erred in the ruling complained of. Cox v. Railway Co., 20 Texas Civ. App., 250.

We also hold that error was committed in admitting in evidence the bill of sale from Nasworthy to the plaintiff, purporting to convey to him the stallion in controversy. The instrument referred to was executed long after Nasworthy had sold the property, and the question of its admissibility is settled by the rule which excludes unsworn ex parte declarations of a vendor after title has passed out of him.

The question presented by the sixth assignment of error, challenging the right to recover for services rendered as a physician may not arise in the same way upon another trial. However, it is now settled, as contended by appellant, that a physician can not recover for professional services, unless he shows compliance with the statute of this State regulating the practice of medicine, which was not shown in this case. Wilson v. Vick, 53 S. W. Rep., 576. In the plaintiff's pleading no recovery was asked on the items referred to, the plaintiff alleging in reference to certain claims asserted against him by the defendant, that the latter owed him $23 for professional services as a physician, and that they had mutually settled certain accounts, including the bill referred to, and certain items of account pleaded in this case by the defendant against the plaintiff. We are of the opinion that plaintiff's pleading on this subject is not obnoxious to the statute, but if the transcript speaks the truth, there was no testimony tending to show the settlement pleaded; and therefore, in the absence of proof of compliance with the statute regulating the practice of medicine, the plaintiff was entitled to no relief in regard to the bill for professional services.

Also there seems to be some merit in appellant's contention that the court's charge assumes that the plaintiff had been damaged by reason of the detention of the stallion. At any rate, the charge does not distinctly submit that issue to the jury, as should have been done.

On the other points presented, we rule against appellant.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*