## THOMPSON & JUVE v. SCROYER (KELLOGG-MACKAY-CAMERON CO., Intervener).

A foreign corporation, which has not filed in the office of the Secretary of State an authenticated copy of its articles of incorporation or appointed

a resident agent, as required by the statute relating to foreign corporations, is not entitled to intervene in a suit.

(Opinion filed, Oct. 3, 1905.)

Appeal from Circuit Court, Minnehaha County. Hon. J. W. Jones, Judge.

Action by Thompson & Juve, a firm composed of Anton Thompson and another, against Charles T. Scroyer, in which the Kellogg-Mackay-Cameron Company intervened. From a judgment in favor of the intervener, plaintiff appeals. Reversed.

*Joe Kirby*, for appellant. *H. H. Keith* and *Albert J. Keith*, for respondent.

CORSON, J. This is an action by the plaintiff to recover from the defendant the sum of $358, claimed to be due them from the defendant for the installation of a steam-heating plant erected by them for the defendant. The respondent the Kellogg-Mackay-Cameron Company, filed a complaint in intervention, claiming that the heating plant was furnished by it, that it retained title thereto and had filed a mechanic's lien against the premises of the defendant for the value of the same, and demanded that it be adjudged to be the owner of the plant or for the value thereof. The plaintiffs in their answer to said complaint in intervention, among other things, alleged that the said intervener was a corporation organized and existing under the laws of the state of Illinois, and that such corporation had not filed in the office of the Secretary of State of South Dakota an authenticated copy of its charter or articles of incorporation, and had not complied with the provisions of the laws of this state in relation to foreign corporations, and had not appointed a resident agent of the intervener in this state.

The record discloses the following stipulation: "It was agreed on the trial that the intervener was a foreign corporation and has never complied with the laws of the state of South Dakota regarding foreign corporations, nor has it ever appointed a resident agent for the state of South Dakota." At the conclusion of the plaintiff's evidence the plaintiffs moved "that the court strike out the complaint in intervention on the part of the Kellogg-Mackay-Cameron Company, for the reason that it is stipulated and it appears of record

that said intervener is a foreign corporation and never had complied with the laws of the state of South Dakota in relation to foreign corporations." This motion was overruled, and the plaintiffs excepted. Subsequently the defendant moved the court to instruct the jury to return a verdict in his favor and against the plaintiffs, which motion was denied and thereupon the intervener moved the court for the direction of a verdict in its favor. Motion was granted, and the jury was instructed by the court as follows: "Under the evidence in this case it appears that this heating plant was the property and remains the property of the Kellogg-Mackay-Cameron Company, and not the property of the plaintiffs. Under this state of facts it is the duty of the court to direct a verdict in favor of the defendant as against the plaintiffs, and in favor of the Kellogg-Mackay-Cameron Company." To such direction of the court and entry of verdict the appellant's excepted. The rulings of the court in refusing to strike out the complaint in intervention and in directing a verdict in favor of the intervener are, among others, assigned as error.

We are of the opinion that the court in these rulings committed error for which a new trial must be granted. The intervener, not having filed in the office of the Secretary of State a duly authenticated copy of its articles of incorporation or appointed a resident agent therein, had no standing in court and was not entitled to take any part in any proceedings therein. The questions arising upon these assignments of error were fully considered and decided by this court in the cases of Bradley Metcalf Company v. Armstrong, 9 S. D. 267, 68 N. W. 733, and Iowa Mfg. Co. v. Farrar, 19 S. D. 632, 104 N. W. 499. The rulings of the court were clearly in contravention of the law as laid down in these cases.

The judgment of the court, and order denying a new trial are reversed, and the court is instructed to strike out the complaint in intervention.