BISHOP & BABCOCK CO. v. SCHLEUNING et al.

A foreign corporation, which has failed to comply with Rev. Civ. Code, § 883, requiring such a corporation to file in the office of the Secretary of State an authenticated copy of its charter as a condition of doing business in the state or maintaining actions in its courts, cannot sue in the courts of the state until it does comply therewith.

(Opinion filed, Nov. 1, 1905.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by the Bishop & Babcock Company against Adeline Schleuning and others, co-partners as Schleuning & Co. From judgment for defendants, and from an order denying a new trial, plaintiff appeals. Affirmed.

*Chauncey L. Wood,* for appellant. *Buell & Gardner,* for respondents.

CORSON, J. This is an appeal by the plaintiff from a judgment entered upon a verdict of the jury in favor of the defendant, directed by the court.

Plaintiff in its brief says: "It is admitted that the plaintiff is an Ohio corporation and has not complied with Chapter 47, p. 52, of the Session Laws of 1895 (section 883, Rev. Civ. Code), and has not appointed a resident agent in the state of South Dakota, and that plaintiff is not a religious or charitable corporation. The defendants by their counsel then moved the court to direct a verdict in favor of the defendants and against the plaintiff on all the issues, for the reason that the plaintiff had not complied with the foreign corporation law and for that reason could not maintain an action. The motion was granted by the court, and the jury instructed to return a verdict in favor of the defendants." It will thus be seen by the statements of counsel for appellant that the same question is presented in this case as was presented in the cases of Bradley, Metcalf & Co. v. Armstrong, 9 S. D. 267, 68 N. W. 733, and Iowa Falls Mfg. Co. v. Farrar, 19 S. D. 632, 104 N. W. 449, in which this court held that a foreign corporation that had failed to comply with the laws of this state could not maintain an action in its courts until it had so complied with the laws of the state. See, also, Thompson & Juve v. Scroyer et al, 20 S. D. 72, 104 N. W. 854. Following these decisions, the judgment of the court below must be affirmed.

The judgment of the circuit court and order denying a new trial are affirmed.