[Civ. No. 1507. Second Appellate District.—September 8, 1914.]

## FRED T. HARRIS, Respondent, v. JOSEPH BUCHER, Appellant.

ARCHITECT—ACTION FOR SERVICES—COMPLIANCE WITH STATUTE REGULATING PRACTICE OF ARCHITECTURE.—In an action brought by one practicing architecture to recover for services rendered, it is not necessary to allege and prove compliance by him with the act (Stats. 1901, p. 641) regulating the practice of architecture and thereby show that he is not guilty of a misdemeanor, but noncompliance with the statute is a matter of defense to be pleaded and proved by the defendant. ·

APPEAL from a judgment of the Superior Court of San Bernardino County. Benjamin F. Bledsoe, Judge.

The facts are stated in the opinion of the court.

Ralph E. Swing, for Appellant.

Curtis & McNabb, for Respondent.

SHAW, J.—Action to recover a balance alleged to be due from defendant to plaintiff upon an express contract for services rendered by the latter in preparing plans and specifications for and superintending the construction of a building. Judgment went for plaintiff, from which defendant appeals upon a bill of exceptions.

The services rendered pursuant to the contract, as shown by the complaint, were those of an architect. Section 5 of "An act to regulate the practice of architecture," approved March 23, 1901 (Stats. 1901, p. 641), provides that " . . . it shall be unlawful, and it shall be a misdemeanor, . . . for any person to practice architecture without a certificate in this state, or to advertise, or put out any sign or card, or other device which might indicate to the public that he was an architect; provided that nothing in this act shall prevent any person from making plans for his own buildings, nor furnishing plans or other data for buildings of other persons, provided the person so furnishing such plans or data shall fully inform the person for whom such plans or data are furnished, that

he, the person furnishing such plans, is not a certified architect.''

The complaint, as to which no attack was made in the court below, did not allege any facts showing compliance on the part of plaintiff with the provisions of said statute; nor did the answer contain any allegations negativing such compliance on his part. In the absence of such issue being tendered by the pleadings, no evidence was offered touching the question. Appellant for the first time and in this court now insists that, in the absence of allegations bringing plaintiff within the terms of said provision of law, the complaint fails to state a cause of action. Whether it was necessary to allege and prove that plaintiff was a duly certified architect is the point decisive of the appeal.

While it is generally conceded that noncompliance with such provisions of law will be a bar to recovery for services rendered (*Gardner* v. *Tatum,* 81 Cal. 370, [22 Pac. 880]), there seems to be a conflict of authority as to whether plaintiff must allege and, if denied, prove his compliance with the law, or whether the burden rests upon defendant as a matter of defense to show plaintiff's neglect and failure to comply therewith. Appellant insists the burden rests upon plaintiff, who, in the absence of such fact being established, is not entitled to recover. In support of such contention he cites a number of cases, some of which fully support his position. (See *Wooley* v. *Bell,* 33 Tex. Civ. App. 399, [76 S. W. 797] ; *Bower* v. *Smith,* 8 Ga. 74; *Murray* v. *Williams,* 121 Ga. 63, [48 S. E. 686] ; *Cooper* v. *Griffin,* 13 Ind. App. 212, [40 N. E. 710] ; *Westbrook* v. *Nelson,* 64 Kan. 436, [67 Pac. 884] ; *Lanzer* v. *Unterberg,* 9 Misc. Rep. 210, [29 N. Y. Supp. 683].) These cases, where directly in point, proceed upon the theory that since the statute makes it a misdemeanor to practice the calling without first procuring the required license or certificate, it devolves upon plaintiff to show, before he can recover, that he has complied with the provisions thereof. In some of them, however, the facts are distinguishable from those in the case at bar in that the statute in express terms prohibited any recovery unless the required certificate had been obtained. While in this case the statute makes it unlawful to practice architecture without a certificate, it does not in terms require the issuance thereof as a condition of recovery. Since the statute declares the practice of architecture without

the issuance of the required certificate to be a misdemeanor, we must, in order to sustain appellant's contention, assume that plaintiff is guilty of the commission of a crime. On the contrary, we are of the opinion that a presumption of innocence arises; hence, where noncompliance with the statute would constitute a criminal offense, we must, unless the contrary be shown, indulge in the presumption that plaintiff has complied therewith. In the case of *Chicago* v. *Wood,* 24 Ill. App. 40, the court, in discussing a like question, said: "The reason why the license will be presumed where there is no evidence to the contrary, rests upon the principle that when an act is required, by positive law, to be done, the omission of which would be a misdemeanor, the law presumes that it has been done and therefore the party relying on the omission must make some proof of it, though it be a negative." To the same effect is: *Williams* v. *People,* 20 Ill. App. 92; *McPherson* v. *Cheadell,* 24 Wend. (N. Y.) 15; *Jo Daviess County.* v. *Staples,* 108 Ill. App. 539; *Lacy* v. *Kossuth County,* 106 Iowa, 16, [75 N. W. 689]; *Lyford* v. *Martin,* 79 Minn. 243, [82 N. W. 479]; *Webster* v. *Lamb,* 15 S. D. 292, [89 N. W. 473]; *Acme Mercantile Agency* v. *Rochford,* 10 S. D. 203, [66 Am. St. Rep. 714, 72 N. W. 466]. The statute does not make the obtaining of the certificate a condition precedent to the right of recovery, and we cannot assent to the proposition that in order to maintain the action plaintiff must first allege and prove that he is not guilty of the commission of a crime. We are therefore of the opinion that in an action brought by one practicing architecture to recover for services rendered, it is not necessary to allege and prove compliance with the act regulating the practice of architecture, but that noncompliance therewith is a matter of defense to be pleaded and proved by defendant in the action.

Appellant also insists that the action was prematurely brought. No such issue was raised by the pleadings, nor can we say, upon the vague and uncertain testimony of defendant, that there was any proof justifying the contention. The point is without merit.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 7, 1914.