## N. B. SWIFT v. DR. HOWARD A. KELLY.

Decided December 10, 1910.

### 1.—Practice of Medicine—Foreign Physician—Right to Sue.

In the absence of allegation that he was duly authorized by law to practice medicine, a non-resident physician can not maintain an action in this State for the value of professional services rendered to a resident hereof. The laws of this State forbid the practice of medicine without a license, and the presumption is that the laws of other States are the same; hence a failure to allege such qualification is fatal on demurrer.

### 2.—Jurisdiction—Open Account—Reduction in Amount.

When, by sustaining exceptions to certain items of an account, the sum of the remaining items is less than the jurisdiction of the court, the suit should be dismissed, and this result might be reached by general demurrer.

### 3.—Open Account—Credits—Jurisdiction.

It is the balance due or claimed on an open account, after allowing the admitted credits, which determines the jurisdiction of the court, and not the amount of the account without the credits.

### 4.—Quantum Meruit—Defense—Admissions—Evidence.

A physician sued upon *quantum meruit* for professional services rendered; the defendant plead that the services were unskilful and the treatment negligent; the plaintiff introduced in evidence defendant's note for part of the account sued on, and certain letters and telegrams requesting an extension of time of payment of the account. Held, said documents were admissible as an admission at variance with defendant's plea, but not to prove the value of the services rendered.

### 5.—Physician—Wealthy Patient—Graduated Charges.

The action being one to recover the reasonable value of medical services rendered, it was error for the court to permit the plaintiff, a physician, to prove a custom among physicians to graduate their charges according to the financial condition of the patient, and to charge a wealthy patient a higher fee because of his superior ability to pay. A different question would be presented in a suit to recover upon an implied promise to pay the customary fee.

Appeal from the County Court of Tarrant County. Tried below before Hon. C. T. Prewitt.

*F. B. Stanley* and *Jno. R. Stanley,* for appellant.—That a physician must allege and prove that he is qualified and legally authorized to render skilled professional services, and is on same footing with attorneys, pilots, etc.: Mays v. Hogan, 4 Texas, 26; Graham v. Gautier, 21 Texas, 111; Kennedy v. Schultz, 25 S. W., 667; 2 Beach on Contracts, sec. 1462 et seq. and note 1; Caldwell v. Haley, 3 Texas, 317; Sayles' Texas Pleading, sec. 24, p. 428.

No brief for appellee.

DUNKLIN, ASSOCIATE JUSTICE.—Dr. Howard A. Kelly, plaintiff, recovered a judgment against W. B. Swift, defendant, for five hundred dollars, and the defendant has appealed. In his petition plaintiff alleged that at defendant's special instance and request he had performed for defendant certain professional services as a physician and surgeon and furnished him nurses and supplies during defendant's illness, an account of which was attached to the petition as a part thereof, and that defendant "then and there promised plaintiff to pay him on demand so much money as the services and supplies hereinbefore mentioned were reasonably worth; that the said services and supplies were at the time of the sale and delivery thereof reasonably worth the several sums of money charged therefor in said account specified, amounting, after the allowance of all credits due thereon, to the sum of nine hundred sixty-nine and ninety-four hundredths dollars ($969.94)."

Plaintiff further alleged in his petition that he resided in Baltimore, Maryland, that defendant resided in Tarrant County, Texas, and that plaintiff "is a physician and surgeon, practicing his profession in the State of Maryland and is a professor in Johns Hopkins University."

Appellant insists that the court erred in overruling his general demurrer to the petition for that it failed to show that plaintiff was authorized by law to practice as a physician and surgeon and to maintain a suit to collect for such professional services. We sustain that contention. By title 82, Sayles' Texas Civil Statutes, as amended by the Legislature in 1901, Boards of Medical Examiners were established, a license from which was required as a condition precedent to the right to practice medicine and surgery in this State and article 3788 of that title reads:

"Any person who shall practice medicine, surgery or midwifery in this State in violation of the provisions of this Act shall be fined not less than fifty dollars nor more than five hundred dollars for each offense, or by both fine and imprisonment not exceeding six months, and it shall not be lawful for him or her to recover by action, suit, motion, or warrant, any compensation for services which may be claimed to have been rendered by him or her as such physician, surgeon or midwife; provided, that the provisions of this Act do not apply to persons treating disease who do not prescribe or give drugs or medicine."

It is well settled that a physician practicing in this State without the license required by our statutes can not recover for his services.

Peterson v. Seagraves, 94 Texas, 390; Wickes v. Watts, 30 Texas Civ. App., 515 (70 S. W., 1001); Kenedy v. Schultz, 6 Texas Civ. App., 461 (25 S. W., 667). A compliance with the requirements of the law regulating the practice of medicine and surgery having been made a condition precedent to the right to so practice, it is necessary for one suing to recover for such services, to allege and prove such compliance, and a failure to so allege in the petition is fatal on general demurrer thereto. Wilson v. Vick, 93 Texas, 88; Taber v. Institute Bldg. Assn., 91 Texas, 92.

It is also well established that, in the absence of proof to the contrary, it will be presumed that the laws of other States are the same as the laws of this State upon the same subject. Gill v. Everman, 94 Texas, 209; Caledonia Ins. Co. v. Wenar, 34 S. W., 388. Plaintiff failed to allege in what State his services were performed. If they were performed in Texas, then our statutes would apply as a matter of course. If performed in some other State, then the presumption obtains that the same statutes have been there enacted and are in force.

While the account attached to the petition includes certain items other than professional services rendered by plaintiff, the aggregate of the amounts charged therefor was not within the jurisdiction of the court, and if the items for the personal services of plaintiff had been excluded, it would have been necessary for the court to dismiss the petition of his own motion for want of jurisdiction and hence the general demurrer was sufficient to raise the question now under discussion.

The items charged in the account were indefinitely stated and defendant's special exception thereto for uncertainty should have been sustained.

The amount sued for was within the jurisdiction of the court, and defendant's special exception to the petition presenting the contention that as the entire account before the entry of credits thereon was for one thousand, eight hundred and thirty-five dollars and six cents, the court was without jurisdiction, was properly overruled. Gimbel v. Gompbecht, 89 Texas, 497; Davis v. Pinckney, 20 Texas, 341.

Over defendant's objection plaintiff was permitted to introduce in evidence defendant's promissory note in plaintiff's favor for five hundred dollars of the amount sued for, and also letters and telegrams from defendant to plaintiff requesting an extension of time for its payment. The ground of defendant's objection was that as the suit was to recover on a promise to pay the reasonable value of the services, evidence showing a contract to pay a specific sum was irrelevant and incompetent. Among other defenses defendant alleged unskillful and negligent treatment of him by plaintiff, and offered evidence in support thereof. As against this defense we think the evidence to which objection was made was admissible, as the same would be in the nature of an admission at variance with that plea. But the testimony was not admissible to prove the value of the services rendered by plaintiff. Shiner v. Abbey, 77 Texas, 1.

We are of opinion further that the court erred in permitting plaintiff to show the reasonable value of his services by proof that defendant was wealthy, coupled with further proof of a custom among physicians to graduate their charges according to the financial condition of the patient, and to charge a wealthy person a higher fee by reason of his superior ability to pay. As noted above, the suit was to recover the reasonable value of professional services rendered by plaintiff. In 30 Cyc., 1600, it is stated that there is a conflict in the authorities on this question, and the announcement seems borne out by the decisions there cited. In Robinson v. Campbell, 47 Iowa, 625, one of the cases cited, it was held that such testimony is not admissible, and the reasoning there advanced we think is sound. Certainly, no court would hold that the value of ordinary labor could be determined by such a test, and upon principle we can see no distinction between such a claim and one of the character now under discussion. If the recovery sought in this suit for professional services had been upon an alleged implied contract by plaintiff to pay such fees as are customarily charged for the same character of services performed for a patient of like financial ability to pay a fee therefor, then a different question would be presented, but as the same is foreign to the record we forego a discussion of it.

For the reasons noted the judgment is reversed and the cause remanded.

*Reversed and remanded.*