## TEXAS EMPLOYERS' INS. ASS'N v. DRUMMOND et al. (No. 1696.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 18, 1924. Rehearing Denied Dec. 31, 1924.)

1. Master and servant ⊗⇒418(3)—Contention on appeal in compensation suit held defensive and too late, when not pleaded as defense and first urged in motion for new trial.

In suit to set aside award of Industrial Accident Board, under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), contention that employee's physicians had not complied with Rev. St. art. 5736, comes too late, where not pleaded as a defense, but first urged in motion for new trial; it being a defensive matter.

2. Master and servant ⊗⇒385(16)—Recovery for surgical and hospital services not defeated because of failure to comply with Workmen's Compensation Act.

Failure to have physician and surgeon certify to necessity of surgical operation and hospital services, as required by Workmen's Compensation Act, § 7, pt. 1 (article 5246—9, Complete Texas St. 1920, and Vernon's Ann. Civ. St. Supp. 1918), could not defeat recovery therefore, where agent of insurer had notice of all that was being done and authorized all steps taken.

3. Insurance ⊗⇒76—Authority of person authorizing medical care of injured employee held shown prima facie.

Evidence held sufficient to constitute prima facie proof that person authorizing medical and hospital treatment for injured employee was agent of employers' insurer, and authorized to bind insurer.

4. Evidence ⊗⇒244(8)—Declarations of insurer's agent authorizing physicians to take care of injured employee held admissible.

In suit to set aside award for personal injuries and physicians' services, under Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—1 to 5246—91), declarations of agent of insurer to others that it would be all right for physicians to take employee's case was admissible, where he was acting within apparent scope of his authority.

5. Appeal and error ⊗⇒1062(1)—Issue technically submitting four distinct issues not reversible error, where some not controverted.

Submission of issue whether physician treated injured employee for insurer with knowledge, consent, or acquiescence of insurer's agent, though technically amenable to objection of submitting four distinct issues held not reversible error, where agency and agent's knowledge were not controverted.

6. Trial ⊗⇒352(4)—Refusal of charge submitting question whether employee's ailment constituted an illness not arising out of employment held proper.

Refusal to give special charge submitting question whether employee's ailment constituted an illness not arising out of his employment held proper, where there was no evidence of any probative force tending to negative accidental injury.

Higgins, J., dissenting.

Appeal from District Court, El Paso County; P. R. Price, Judge.

Suit by the Texas Employers' Insurance Association against W. H. Drummond and others to set aside an award of compensation for personal injuries and medical treatment of the Industrial Accident Board under the Workmen's Compensation Act to defendants. Judgment for defendants, and plaintiff appeals. Affirmed.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

Loomis & Kirkland, of El Paso, for appellees.

HARPER, C. J. Appellant filed this suit in the district court against appellees to set aside an award of the Industrial Accident Board to the appellees, as follows: Drummond, insured, for $231.30 for his personal compensation and for $908.75 for the use and benefit of physicians, nurses, drugs, and hospital charges, affirmed by the court, and an appeal is perfected by the Texas Employers' Insurance Association.

[1] The first proposition that the recovery for the physicians' charges of Miller and Wright, because of failure to plead and prove that they had complied with article 5736, Revised Civil Statutes of Texas, which makes it unlawful for one to practice medicine without registering with the district clerk his authority for so practicing, is overruled for the reason that this is a defensive matter, not pleaded as a defensive, and was first urged in motion for new trial. We therefore hold that it comes too late, Cone v. Texas Emp. Ins. Ass'n (Tex. Civ. App.) 251 S. W. 262, for had it been so pleaded, no doubt the evidence would have been that these physicians had so qualified.

3, 4, and 5 are to the effect that the judgment for doctors bills, for operation, hospital charges, and medicines, etc., is erroneous, because the evidence shows that there was no authority from the Texas Employers' Insurance Association, for furnishing same, and because they were advanced after the expiration of two weeks from date of alleged injury, and that there was no compliance with section 7, pt. 1, of Workmen's Compensation Act, now R. S. art. 5246—9, Complete Stat. 1920.

[2] It conclusively appears that the provisions of these articles with respect to a physician and surgeon certifying to the necessity for surgical operation and additional hospital services after the expiration of one week were not complied with, but the case

was tried by appellees upon the theory that the local agent had notice of all things that were being done, and in fact authorized all steps so taken by the parties seeking a recovery, and for that reason the appellant cannot defeat recovery.

The appellee pleaded that he was employed by the Southwestern Motors Company, a corporation, and a subscriber of appellant; that he sustained an injury; that medical aid, hospital services, nurses, and medicines were necessary and were supplied. There was affirmative testimony to support these allegations, and the jury found in his favor upon all of the matters so pleaded.

[3] But appellant urges that McCabe, their local agent, was not shown to have been authorized to bind the company in this way and thereby to relieve the appellees of full compliance with the provisions of the statutes. There are many circumstances in evidence which tend to prove that McCabe was the duly authorized agent of appellant, such as statements in evidence made to Dr. Miller at the time he took over the case and during the entire time of the treatment, such as Miller's written reports of the progress of the case in writing to McCabe which were requested by the latter, etc., and McCabe testified:

"I have been acting as district manager for the Texas Employers' Insurance Association since I have been in El Paso. I have jurisdiction as far as Pecos, Ft. Stockton, Alpine, etc. I have been, during all this time, investigating alleged injuries received by employees of the subscribers; have been dealing with doctors in seeing that medical attention was given to patients—the same sort of thing that I did in this case when I was there in Drs. Witherspoon and Picket's office when this fellow came up. I knew they were carrying him to Hotel Dieu. I knew that our doctors there recommended that he go to Hotel Dieu. They were taking him there for examination. I knew, as a matter of fact, that he was being carried there at the expense of the company, first aid. I was standing for that first-aid expense, yes. I had authority from the company to not protest against any liability of that sort being incurred by these doctors until we found out there was no liability. All other claims that have been paid have been paid through my office since I've been manager of this district. I have negotiated for those claims with the doctors and interested parties in endeavoring to come to some agreement. In this instance I kept fully informed as to the steps taken on this fellow. I got reports from Dr. Miller. In one or two instances by consent of the company I have authorized the doctor he wants to take care of him."

This is sufficient evidence to constitute prima facie proof that McCabe was the agent of the appellant and authorized to bind the company and to fix liability therefor for all the acts of the physicians, nurses, hospital, and medicines, as well as for the operation, which, under the testimony and findings of

the jury, were necessary, and charges reasonable. If McCabe did not in fact have authority to do these things, which his acts and declarations show he had, it would have been an easy matter for the company, through its managing officers, to show the extent of his authority. By these things the appellant has waived a technical compliance with the provisions of the statutes quoted. Miller's Indemnity v. Patten et al. (Tex. Civ. App.) 238 S. W. 240.

[4] By 7, 8, and 9, the points are urged that the trial court erred in admitting the testimony of Lester and Dr. Miller that McCabe told them it would be all right for Miller to take over Drummond's case and go ahead with it, upon the proposition that the declarations of a person purporting to bind a principal are not competent evidence against the principal, unless authority for their utterance is shown. That McCabe was the agent of appellant is not questioned: the only thing questioned is the extent of his authority, and that the facts here sufficiently establish that he was acting within the apparent scope of his authority cannot be doubted.

[5] The fifth issue submitted, reads:

"Do you find from a preponderance of the evidence that, with the knowledge, consent, or acquiescence of Frank M. McCabe, the agent of the Texas Employers' Insurance Association, Doctor Miller for such association treated said Drummond for his injuries?"

Complaint is made of this charge that it submits four distinct issues in one question. The answer to this is that appellee pleaded that McCabe was the district manager of appellant and authorized Dr. Miller to take charge of the patient. The agency of McCabe was not denied by any pleadings. That Miller treated the patient with the knowledge of McCabe is not denied by any witness, so that leaves only one controverted issue in the case to be determined by the answer, "Yes;" that is, "Was the treatment for the association and not at the instance and request of Lester, the manager of the Motor Company employer?" So we cannot see that this charge, though technically amenable to the objection, should reverse the case.

[6] The eleventh charges error in the refusal of the following special charge:

"Do you find from the evidence that the ailment complained of by Drummond on the afternoon of the 5th of April, 1923, constituted an illness not arising out of or having to do with the work, business, or profession of his employer, the Southwestern Motors Incorporated?"

There is no evidence of any probative force which even tends to indicate that the appellee was not accidentally injured as described by him. Having concluded that the proof is conclusive that the accident happened to Drummond as described by him, and that it

was the proximate cause of injuries which caused his loss of time, and that the appellant is liable therefor, the only other questions of a serious nature are the charges of the physicians, nurses, hospital, and drugs, and as to these we quote with approval the observations of the Industrial Accident Board in explanation of their award:

"There is no pretense that the procedure prescribed by section 8, pt. 1, of the Compensation Law relating to the extension of hospital services was complied with, or that the procedure prescribed by section 12e, also of part 1 of the Compensation Act with reference to the performance of an operation was complied with. Therefore the decision of the Board with reference to allowing these claims is predicated upon the fact that this is a case of liability on the fact. While the insurance association may be said to have denied liability at the beginning, yet the finding of this Board decides that issue in the making of this award against the contention of said association, and for that reason the liability of the association from the outset must be disposed of, so far as this Board is concerned, upon the correctness of the association's liability from the inflection of the injury and inception of this injured man's needs for the benefits that are here discussed. In treating the case under the view that it is one of liability, the Board further finds it to be a fact that the association was represented upon the ground by an agent and claim adjuster; that said adjuster and agent had knowledge of the injured man's condition at all times and was specifically requested to furnish him with such medical and surgical treatment as his condition required even before the expenses that are here involved and allowed had been incurred even in part; that he did not then deny liability, and did not by express agreement or statement indicate on the part of the association that the association would confess legal liability for said expenses to be incurred, but he nevertheless kept in close and constant communication with those furnishing the benefits to the injured man, and kept himself constantly informed with reference to his condition, and knew full well that it was the opinion of the attending physicians that the operations made upon him were imperatively necessary, and, during the time the facts were being made, he wholly failed to inform the injured man or the physicians or the hospital, or any of the persons whose claims are allowed that the association represented by him denied liability, or that there was any procedure of the law essential for them to pursue in order to tax the substantive rights that were provided to the injured man against his said principal as a just and legal charge." Rule 62a.

Affirmed.

HIGGINS, J. (dissenting). I respectfully dissent from the judgment of affirmance and here now enter the grounds of my dissent as follows:

First. A physician cannot recover for medical services rendered, unless he has complied with the statutes regulating his right to practice. Compliance therewith is a con-

267 S.W.—22

dition precedent to his right to practice, and a physician suing to recover for such service must allege and prove such compliance, and a failure to so allege in the petition subjects it to general demurrer. Swift v. Kelly, 63 Tex. Civ. App. 270, 133 S. W. 901. It is not a matter of defense but a necessary allegation which must be made and proven by the plaintiff. In the present case Drummond seeks to recover for and on behalf of Drs. Miller and Wright for medical services rendered by them, and recovered a judgment for their use and benefit. If it is necessary for a physician in suing to recover for medical services to allege and prove compliance with the statutes, then it should follow that one suing for and on behalf of a physician must make the same allegations. In this connection see Ry. v. Muth, 7 Tex. Civ. App. 443, 27 S. W. 752, and Wooley v. Bell, 33 Tex. Civ. App. 399, 76 S. W. 797. For the reasons indicated the writer is of the opinion that those assignments complaining of that portion of the judgment recovered for the use and benefit of Drs. Miller and Wright should be sustained.

Second. Question No. 5 embodies more than one controverted issue in the same question, to wit: (1) Whether Dr. Miller treated Drummond for appellant; (2) whether McCabe was agent of the appellant; (3) whether the treatment was with the knowledge, consent, or acquiescence of McCabe. Vernon's Sayles' Ann. Civ. St. 1914, art. 1984a provides that special issues shall be submitted distinctly and separately and without being intermingled with each other so that each issue may be answered by the jury separately.

It is undisputed that Dr. Miller treated Drummond. This portion of the question should properly be answered in the affirmative, but it was an issue of fact whether the treatment was or was not for the association. Again: Was McCabe the agent of the association for the purpose of employing any doctor in El Paso? This was an issue of fact under the evidence. Again: Was the treatment with McCabe's knowledge, consent, or acquiescence? The answer was yes, but which was meant? Even if McCabe was fully authorized to employ physicians, a treatment with his knowledge only would be entirely different from a treatment with his acquiescence. The statute seems plain on this matter, and it has been uniformly held to constitute reversible error to submit a question which embodies more than one issue susceptible of different answers. Am. Nat. Ins. Co. v. Stevens (Tex. Civ. App.) 262 S. W. 833; T. & N. O. R. Co. v. Turner (Tex. Civ. App.) 199 S. W. 868; Radford Grocery Co. v. Jamison (Tex. Civ. App.) 221 S. W. 998; Lewis v. Bank (Tex. Civ. App.) 204 S. W. 888; Western Indemnity Co. v. MacKechnie (Tex. Civ. App.) 214 S. W. 456.

For the reasons indicated, the writer is of the opinion the cause should be reversed and remanded.