**HAWKINS v. BLACK. (No. 12254.)**

Court of Civil Appeals of Texas. Fort Worth. Dec. 7, 1929.

Rehearing Denied Jan. 11, 1930.

John L. Poulter, of Fort Worth, for appellant.

A. H. Eaton, of Fort Worth, for appellee.

DUNKLIN, J. L. J. Hawkins, defendant in the court below, has appealed from a judgment in favor of J. R. Black, plaintiff, for services rendered by the plaintiff as an attorney at law for the defendant, for the sum of $412.87, principal, and $56, accrued interest, aggregating $468.87.

■ There is no merit in the contention that it was incumbent upon the plaintiff to allege and prove that he had complied with the requirements of the statutes regulating the practice of law in this state, as a prerequisite to his right to recover for the services alleged to have been rendered. There is no analogy between a case of this kind and one by a physician to recover for services rendered his patient, since the practice of medicine without a compliance with the statutes regulating the practice of his profession is in violation of the penal statutes enacted for the protection of life and health of members of the public; decisions in that class of cases cited by appellants being such as Swift v. Kelly, 63 Tex. Civ. App. 270, 133 S. W. 901, and Paine v. Eckhardt (Tex. Civ. App.) 203 S. W. 459. It is not a penal offense in this state to practice law without a license so to do.

In Fowler v. Morrill, 8 Tex. 153, it was held in substance that the court properly overruled a demurrer to the petition of the plaintiff suing to collect a fee for services rendered as an attorney, urged on the ground that it was incumbent upon the plaintiff to allege that he was a duly licensed attorney to practice his profession. To the same effect see, also, Texas Employers' Ins. Ass'n v. Drummond, 267 S. W. 335, by the Court of Civil Appeals, and 279 S. W. 1116, by the Commission of Appeals; also 6 Corpus Juris, 757, and authorities there cited.

Accordingly we overruled appellant's first assignment of error, in which it is insisted that plaintiff's petition was insufficient as against a general demurrer by reason of an absence therefrom of an allegation that he had complied with the statutes of this state regulating the practice of law; and for the same reason there is no merit in the second assignment complaining of the admission of testimony to prove plaintiff's case over objection based upon the same alleged insufficiency of plaintiff's petition.

■ There was introduced in evidence by the plaintiff an account showing the items of various services rendered by him to the defendant, with the date and the amount of each separate item, and plaintiff testified that those items were all correct, and that he had made repeated demands on the defendant therefor, which was admitted by the defendant, and many of them were admitted to be correct by the defendant himself; hence there is no merit in the assignment complaining that the court erred in allowing interest on those various items, in the absence of any testimony showing that defendant agreed to pay interest thereon, since it is settled that an open account will draw interest at the legal rate from the 1st day of January next after its accrual. Moreover, the evidence shows without controversy that the defendant executed a promissory note in the sum of $100 to cover one of those items.

■ We overrule the further complaint of error in the ruling of the court in overruling appellant's objection to the testimony of the plaintiff, to the effect that the charges made by him for the different items of service rendered to the defendant were all reasonable, and are customary charges made by attorneys in Fort Worth for the same character of work, since plaintiff showed himself to be a practicing attorney in Fort Worth for a number of years, and was thoroughly qualified to give his opinion as to the value of his services. Plaintiff's further testimony to the effect that the charges he made were even less than those customarily charged by attorneys in Fort Worth was harmless, since plaintiff was not allowed a recovery of any amount in excess of the charges for which he sued.

■ Plaintiff's offer to the defendant to allow a credit of $155 on the account rendered by him to the defendant on July 1, 1928, on condition that the balance remaining after such credit would be paid promptly, was clearly an offer of compromise settlement, and the court did not err in sustaining plaintiff's objection to its introduction when offered by the defendant for the purpose of showing that defendant did not owe the amount claimed in plaintiff's account, especially in the absence of any testimony from any attorney that the fees charged by the plaintiff were unreasonable, and in view of the further fact that several of the fees were shown to have been agreed to by the defendant.

See Marshall v. Taylor, 168 Mo. App. 240, 153 S. W. 527; Poe v. Continental Oil Co. (Tex. Com. App.) 231 S. W. 717; Bassett v. Paving Brick Co., 219 Mo. App. 81, 268 S. W. 645; 23 Corpus Juris 310.

We overrule appellant's further assignments complaining that the judgment rendered was without sufficient support in the evidence.

Accordingly, the judgment of the trial court is affirmed.