**Affirmed and Memorandum Opinion filed September 25, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-00327-CV

---

### TALIBA C. JOHNSON, Appellant

### V.

### GREGORY LUCHIN, INDIVIDUALLY AND D/B/A LUCHIN & SONS CONSTRUCTION, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 967386**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a nonjury trial de novo of a breach-of-contract case that began in small-claims court. Although she is the prevailing party, appellant Taliba C. Johnson contends that the evidence is legally and factually insufficient to support the inadequate damages awarded, and that the trial court reversibly erred in excluding certain evidence. We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In February 2010, Taliba Johnson hired Gregory Luchin to replace her roof and perform some remodeling work at her home in exchange for a total payment of $6,650. Luchin prepared the parties' written contract, in which they agreed that Johnson would pay $3,325 as a down payment, then pay another $2,000 upon completion of the roof, and finally, pay the remaining $1,325 upon completion of the entire project.

Johnson paid Luchin $3,325 at the outset as agreed, but he did not perform the work in the order she expected. Although the order of tasks was not specified in the contract, Johnson expected Luchin to begin the contract by replacing her roof, but he instead began painting one of Johnson's bathrooms. Johnson was further concerned when Luchin did not resume work for several days. When he returned to work at her house, Johnson refused to allow him to continue, and instead demanded a refund. Luchin did not return Johnson's down payment, and she filed suit in small-claims court. The small-claims court ordered Luchin to pay Johnson only $2,300, and Johnson appealed her case to the county civil court at law for trial de novo.

In the second trial, Johnson and Luchin both appeared pro se. The trial court actively questioned Johnson, who offered documentary evidence that included a copy of the parties' contract and photographs intended to show the extent to which Luchin left tasks unfinished and damaged other property. The trial court examined the contract and photographs, but did not admit them into evidence. Instead, the trial court elicited testimony from Luchin regarding the extent to which he completed the contract and his opinion of the fair-market value of the work he performed. Although Johnson had not rested, the trial court announced that it was awarding her $1,975 plus court costs. Johnson told the court that she had an estimate and canceled checks showing the costs she incurred to complete the work, but the trial court refused to admit them, explaining that those damages could be proved only through an expert's in-court or affidavit testimony that the costs were reasonable and necessary.

Johnson subsequently obtained counsel and moved for a new trial, attaching a

2

complete trial transcript and copies of much of the excluded evidence. The trial court denied the motion, and no findings of fact and conclusions of law were requested or issued.

## II. ISSUES PRESENTED

In her first two issues, Johnson challenges the legal and factual sufficiency of the evidence supporting the judgment. She argues in a third issue that the trial court abused its discretion in excluding her documentary evidence.

## III. ANALYSIS

In a nonjury trial, if no findings of fact or conclusions of law were filed or properly requested, we presume that the trial court made all findings in support of its judgment. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam). If a complete reporter's record is part of the appellate record, the legal and factual sufficiency of the trial court's implied findings may be challenged on appeal using the same standards of review applicable to a jury's findings. *Mays v. Pierce*, 203 S.W.3d 564, 571 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).

### A. Legal and Factual Sufficiency of the Evidence

To analyze the legal sufficiency of the evidence supporting a finding, we review the record in the light most favorable to the factual findings, crediting favorable evidence if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). Evidence is legally sufficient if it "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Evidence is legally insufficient only if (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller*, 168 S.W.3d at 810.

3

On the other hand, a factfinder "may not simply speculate that a particular inference arises from the evidence." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 228 (Tex. 2011). If the evidence does no more than give rise to mere surmise or suspicion, then it is no evidence. *Id.*

In evaluating a factual-sufficiency challenge, we consider and weigh all the evidence in a neutral light and will set aside the finding only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We defer to a trial court's factual findings if they are supported by evidence. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). We keep in mind that we may not pass upon the witnesses' credibility or substitute our judgment for that of the factfinder, even if the evidence clearly would support a different result. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).

### 1. *Implied Finding at Issue*

Before we can address Johnson's legal and factual sufficiency arguments, we must identify the implied finding that she contends is inadequately supported by the evidence. Johnson has not discussed the theory under which the trial court awarded damages, but we presume that the trial court made all of its implied factual findings in a manner that is consistent with the judgment if such findings are supported by the record. Here, the trial court awarded Johnson $1,975, which is the amount that Johnson paid Luchin, minus the amount that the trial court determined to be the value of the work Luchin performed.[1] On

---

[1] Although the trial court's statements during trial are not findings of fact, the findings that we have implied are consistent with the trial court's comments to the parties. Specifically, the trial court stated as follows:

> Listen, this is a trial over who exchanged what and basically you [Luchin] are entitled to the value of the fair market value. I asked you. You are under oath. You testified to a number of 1350. You can't produce any additional receipts for me to add to that number. She gave you a 3325 check and you didn't finish the job. Sounds to me like you had a mutual falling out or she fired you, so, the work is clearly not finished even if you [Johnson] locked him out. But he did do some of the work. He is entitled to be paid for the work that he did. So, I'm going to award the Plaintiff $1,975 . . . .

4

this record, the trial court reasonably could have reached this result by finding that Johnson breached the contract first, thereby preventing Luchin from completing his work. The trial court then could have reduced Johnson's recovery by an amount equal to the value of Luchin's work. *See Truly v. Austin*, 744 S.W.2d 934, 937 (Tex. 1988) (explaining that party who has partially performed an express contract can recover in quantum meruit for the reasonable value of his services if the other party's breach prevents him from completing the contract).

Although Luchin's testimony concerns the "fair market value" of his work rather than its "reasonable" value, Johnson does not contend that the wrong measure of damages was applied, or that the fair-market value of Luchin's work is not probative of its reasonable value. *See also Beeman v. Worrell*, 612 S.W.2d 953, 957 (Tex. Civ. App.— Dallas 1981, no writ) (stating that, in some circumstances, the market value of the labor and materials may be a proper measure of quantum meruit recovery). Instead, Johnson challenges the legal sufficiency of the evidence supporting the trial court's implied finding that the value of the services Luchin performed was $1,350. She argues that (1) there is no evidence that Luchin is qualified to offer expert testimony concerning the value of his work; and (2) because Luchin did not identify the basis for his opinion, there is no evidence that his testimony regarding value was based on reliable methodology.

### 2.    *Absence of Evidence of Luchin's Qualifications*

A challenge to an expert's qualifications must be preserved with a timely and specific objection. *Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 143–44 (Tex. 2004) (holding issue of expert's qualifications was not preserved by the appropriate objection). Because Johnson failed to object at trial that Luchin was unqualified to offer an expert opinion on the value of the work he performed, this argument has not been preserved for our review. TEX. R. APP. P. 33.1(a).

### 3.    *Absence of Evidence of Luchin's Methodology*

In her remaining evidentiary-sufficiency challenge, Johnson argues that Luchin's

opinion of the value of the work is unreliable because he did not identify the method by which he calculated the fair-market value of his work, and instead, he simply asserted that it was worth a certain amount. She further contends that "there is simply too great an analytical gap between the data and the opinion proffered." *Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 39 (Tex. 2007) (quoting *Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 726 (Tex. 1998)).

These arguments are based on two assumptions: first, that the trial court treated Luchin's testimony as an expert opinion, and second, that Luchin's opinions were based on calculations that he was required to state on the record. But, neither assumption is necessary.

First, the trial court may have admitted and considered Luchin's testimony as a lay opinion on the value of the services he provided. *See Johnston v. Kruse*, 261 S.W.3d 895, 902 (Tex. App.—Dallas 2008, no pet.) ("The measure of damages for a quantum meruit claim is the reasonable value of the work performed. . . . Reasonable value may be established through lay testimony." (citing *Lamajak, Inc. v. Frazin*, 230 S.W.3d 786, 796 (Tex. App.—Dallas 2007, no pet.))). Johnson does not argue that the value of Luchin's services could be proved only by expert testimony, and does not complain that the trial court erred in admitting Luchin's testimony as a lay opinion on the value of his work.

Second, Luchin's testimony about the value of each task he performed on an itemized list is sufficient to support the implied finding about the total value of those services. The record shows that Luchin was asked almost exclusively about the value of his services in performing individual tasks, and the trial court calculated the total. Specifically, the court asked, "What is the fair market value of the paint you did in the bathroom?" and Luchin answered, "About $700." The trial court asked, "What is the fair market value of the tile work that you actually did that you didn't finish?" and Luchin responded, "I actually did about 350." The trial court asked, "What about the sinks, faucets and drains, did you do anything to those?" Luchin answered, "Yes. 150 each," and Johnson testified that Luchin had worked on two sinks. These items total $1,350,

6

and the amount that Luchin was ordered to pay Johnson is exactly $1,350 less than the $3,325 down payment he received from her.[2] In effect, Luchin offered specific testimony about the value of each task on an itemized list, and the trial court performed the calculations required to arrive at the total value of the services he performed. *See Green Garden Packaging Co. v. Schoenmann Produce Co.*, No. 01-09-00924-CV, 2010 WL 4395448, at *7 n.5 (Tex. App.—Houston [1st Dist.] Nov. 4, 2010, no pet.) (mem. op.) (explaining that a party seeking to recover in quantum meruit "must introduce evidence regarding the value of the services it provided," and can satisfy that burden "by providing specific testimony about the amount of compensation to which they would be entitled for the services rendered"). Because the services were provided by Luchin (individually and d/b/a Luchin & Sons Construction), his testimony about the value of his services in performing discrete tasks is legally sufficient to support the trial court's implied finding, even though he did not describe the method by which he arrived at the stated figure. *See Hawkins v. Black*, 23 S.W.2d 755, 756 (Tex. App.—Fort Worth 1929, no writ) (overruling challenge to the admission of plaintiff's testimony "that the charges made by him for the different items of service" were reasonable and customary, because "plaintiff showed himself to be a practicing attorney in Fort Worth for a number of years, and was thoroughly qualified to give his opinion as to the value of his services").[3] We further conclude that, because his testimony about the value of particular tasks was uncontroverted, the evidence is factually sufficient to support the trial court's implied finding.

We accordingly overrule Johnson's first and second issues.

---

[2] Luchin also was asked, "What's the fair market value of the work you did do and didn't finish?" He answered, "That's about a hundred." The trial court apparently resolved the conflict in the evidence by disregarding this testimony.

[3] *Cf.* TEX. CIV. PRAC. & REM. CODE ANN. § 18.001 (West 2008) (providing that legally sufficient evidence supports a finding that a charge is reasonable if the person who provided the service or was in charge of records showing the services and charges has provided an uncontroverted, itemized affidavit attesting that the amount charged "was reasonable at the time and place that the service was provided," even though the affidavit does not show how the affiant arrived at those conclusions).

**B.     Exclusion of Evidence**

Johnson next argues that the trial court abused its discretion by permitting Luchin to provide expert testimony while refusing to allow Johnson to offer "pictures, receipts, repair estimates, and other testimony concerning her damages." Before reaching the merits of this Johnson's argument, however, we first must determine if her complaint has been preserved for review. *See McInnes v. Yamaha Motor Corp., U.S.A.*, 673 S.W.2d 185, 187 (Tex. 1984).

### 1.     *Preservation of Johnson's Complaint*

"There are two types of offers to preserve error: the offer of proof (formerly referred to as an informal bill of exception) and the formal bill of exception." *Lone Starr Multi-Theatres, Ltd. v. Max Interests, Ltd.*, 365 S.W.3d 688, 703 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An offer of proof is required to preserve for appeal the complaint that the trial court erroneously excluded evidence. TEX. R. EVID. 103(a)(2). One makes an offer of proof by making the substance of the evidence known to the court; the substance of the excluded evidence also may be "apparent from the context within which questions were asked." *Id.* The offer will not preserve error effectively unless the record shows the nature of the evidence with sufficient specificity to allow the reviewing court to determine whether the trial court erred in excluding it. *In re N.R.C.*, 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). If the offer of proof does not otherwise appear in the record, the complaint can be preserved through a formal bill of exception. TEX. R. APP. P. 33.2; *In re Estate of Miller*, 243 S.W.3d 831, 837 (Tex. App.—Dallas 2008, no pet.).

Although the excluded "pictures, receipts, repair estimates, and other testimony" were not admitted into evidence, included in the reporter's record, or incorporated into a formal bill of exception, the reporter's record does reveal that Johnson offered this material at trial. Thus, the real question is whether the record shows the substance of the excluded evidence with sufficient specificity to allow us to determine whether the trial court reversibly erred in excluding the evidence.

Attached to and incorporated in Johnson's motion for new trial were copies of (a) the complete trial transcript; (b) Luchin's business card; (c) the parties' contract; (d) a list apparently prepared by Johnson, entitled "Construction To Be Done," with handwritten notations indicating tasks that were "Not Attempted," "Incomplete," "Contracted Out," or that "Caused Damage"; (e) a set of thirty-two photographs, on which Johnson indicated unfinished work or damage; (f) an unsigned estimate on the letterhead of "Frenchs Remodeling Specialist, LLC," containing handwritten underlining, check marks, question marks, and calculations; (g) correspondence between the parties; and (h) pleadings filed in the small-claims court. At the hearing on the motion for new trial, the trial court stated, "What I remember is the pictures." When Johnson's counsel stated that at trial Johnson "had pictures and receipts of things to show the work that was done," the trial court stated, "I remember."[4]

From these exchanges, it appears that the photographs offered in connection with Johnson's motion for new trial are the same photographs offered at trial. *See Patteson v. State*, 633 S.W.2d 549, 551 (Tex. App.—Houston [14th Dist.] 1982, no writ) (trial court's statement on the record at a hearing on a motion for new trial "can serve as an informal bill of exception on the subject"). In addition, the nature of Johnson's excluded testimony is apparent from the context, because when the trial court refused to allow further evidence, Johnson protested, "I haven't shown you what it cost to actually finish that work and the estimates that are so far over the amount of work that he did." *See Crown Life Ins. Co. v. Estate of Gonzalez*, 820 S.W.2d 121, 121 (Tex. 1991) (stating that appellate court rules are "to be liberally construed so that the decisions of the courts of appeals turn on substance rather than procedural technicality"). We therefore conclude that Johnson's complaints regarding the exclusion of the photographs and the limitation of her testimony have been preserved with sufficient specificity to permit our review.

---

[4] The material offered at trial and the material attached to the motion for new trial do not overlap perfectly. The canceled checks and receipts offered at trial do not appear anywhere in the record, and correspondence, list, and business card attached to the motion for new trial were not mentioned at trial.

9

## 2.    *Standard of Review*

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles. *E.I. du Pont de Nemours Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995). We will uphold the evidentiary ruling if there is any legitimate basis to do so, regardless of whether that basis was asserted in the trial court. *Hooper v. Chittaluru*, 222 S.W.3d 103, 107 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (op. on reh'g).

Even if the trial court abused its discretion in excluding the evidence, we will not reverse unless the ruling probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Owens-Corning Fiberglass Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). In making this determination, we must review the entire record and consider the role that the excluded evidence played in the context of the trial. *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). A party's insistence on the admission of particular evidence can be an indication of its importance to that party's case. *See Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 917 & n.8 (Tex. 1992). "[I]f erroneously admitted or excluded evidence was crucial to a key issue, the error is likely harmful." *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870 (citing *Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 873 (Tex. 2008)). On the other hand, if the evidence is merely cumulative and is not controlling on a material issue dispositive to the case, we typically will not reverse. *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001).

## 3.    *Absence of Reversible Error*

On appeal, Johnson contends that the trial court reversibly erred in excluding evidence that was (a) offered to rebut Luchin's testimony about the value of his services, (b) relevant to the quality of the work performed, (c) relevant to the "value of the damage to Ms. Johnson's home," or (d) necessary in determining who purchased the supplies used. We conclude, however, that there is no reversible error.

First, the record shows that the trial court did consider the photographs. After Luchin testified that he replaced a cabinet wall and reinforced the cabinet's base, Johnson stated, "No. Here's the pictures." Johnson then explained what Luchin had agreed to do, and the trial court stated, "Doesn't look very finished." Although the trial court later asked Luchin the value of his services in painting two bathrooms, partially tiling a floor, and replacing sinks, the court did not ask Luchin the value of his work on the bathroom cabinet. It therefore appears that the trial court did consider the photographs as evidence that partially rebutted Luchin's testimony about the extent or quality of the work that he performed. Because the record shows that the trial court actually considered this evidence, we cannot conclude that the trial court reversibly erred simply because the photographs were not included as exhibits to the reporter's record.

Second, the trial court did not reversibly err in excluding Johnson's testimony about the amount that she paid to complete or repair Luchin's work. In a breach-of-contract case, the party seeking to recover the costs of repair or completion must present evidence that the damages sought are reasonable and necessary. *McGinty v. Hennen*, 55 Tex. Sup. Ct. J. 1090, 1091–92 (June 29, 2012). "Evidence of the amounts charged and paid, standing alone, is no evidence that such payment was reasonable and necessary." *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 200 (Tex. 2004) (per curiam) (citing *Dall. Ry. Terminal Co. v. Gossett*, 156 Tex. 252, 259, 294 S.W.2d 377, 382–83 (1956)). The record does not contain any evidence of the reasonable and necessary costs to complete the work or repair damage caused by Luchin, and Johnson does not contend that she offered any such evidence.

Johnson also argues that the trial court erred in excluding the unsigned estimate attached to her motion for new trial, but unlike the photographs attached to the motion, the trial judge did not state that she remembered that evidence; thus, we cannot conclude that the evidence attached to the motion is the same evidence offered at trial. In addition, Johnson referred at trial to receipts or canceled checks that purportedly showed the amount she actually paid for the work or for materials, but these documents are not in the

record at all. We therefore are unable to determine what exactly this evidence would have shown. Nevertheless, even if we could simply assume that all of Johnson's representations about these documents were true, we still could not conclude that the exclusion of this material constituted reversible error. Johnson asserts that the estimate, checks, and receipts are evidence of the amounts paid for completion or repair, but she does not contend that these documents contained evidence that these costs were reasonable. Although she also asserts that some of this evidence would have supported her contention that she paid for all of the materials used in Luchin's work, any such evidence was cumulative of her testimony that she paid for all supplies. Moreover, because an implied finding that Johnson paid for all materials is consistent with the judgment, we already presume that the trial court made such a finding.

We accordingly overrule Johnson's third issue.

## IV. CONCLUSION

Because the evidence is legally and factually sufficient to support the trial court's implied findings in support of the judgment, and because the trial court did not reversibly err in excluding the documentary evidence and additional testimony that Johnson offered in support of her claim for damages, we affirm the trial court's judgment.


/s/      Tracy Christopher
Justice


Panel consists of Justices Boyce, Christopher, and Jamison.


12